ALBERT D. GORY, PROSECUTOR, v. SARAH J. JACKSON.

Submitted September 24, 1908—Decided October 24, 1908.

1. In an action of *certiorari* bringing up proceedings before a justice of the peace, a certified transcript of the justice's docket furnished to a party before allowance of the writ will not be presumed complete and correct as against another transcript sent up as part of the return, every intendment being in favor of the return as made.

2. Such certified transcript furnished to the party will be accepted, however, for purposes of comparison with the return, as a true copy of the docket as it existed at the date of the certificate.

3. If the transcript as returned shows matters additional to those stated in the first transcript, these will be presumed, in the absence of proof to the contrary, to have been added to the docket by way of amendment before the return. If, on the other hand, a comparison shows contradictory statements, the justice will be ruled to certify which of the two transcripts correctly states the facts.

4. A return containing an incorrect copy of writs and pleadings need not be amended in that regard if the originals are annexed thereto and consequently are before the court.

5. In forcible entry and detainer proceedings the statute (*Gen. Stat., p.* 1599, § 17) makes it "the duty of the justice to enter on his docket the admission of evidence objected to and the rejection of evidence offered." *Held,* that the docket entries should indicate the character of such evidence in such a way as to enable the court of review to determine whether there was error in the rulings of the justice thereon.

On *certiorari.* Motion to amend return, &c.

Before Justices GARRISON, SWAYZE and PARKER.

For the prosecutor, *Charles H. Stewart.*

For the defendant, *Francis Knowles.*

The opinion of the court was delivered by

PARKER, J. The writ of *certiorari* allowed in this case purports to bring up the proceedings before George Corsa, Esq., justice of the peace, between Sarah J. Jackson, as plaintiff, and

Albert D. Gory, as defendant, in forcible entry and detainer, in which there was a verdict and judgment for the plaintiff below. Before suing out the writ of *certiorari*, the prosecutor obtained from the justice a certified transcript of his docket, and most, if not all, of the reasons for reversal submitted, as required by the statute at the time of applying for allowance of the writ, are based upon statements appearing in such transcript, or upon the omission of matters which prosecutor claims should have been stated therein. Prosecutor now alleges that the transcript of the docket, as now returned with the writ, varies materially from that furnished to him, and shows changes of such a nature as to meet most of his original reasons, which are all that are relied on for a reversal. He also alleges that the return to the original summons has been changed so as to make legal on its face what was illegal before. In view of these circumstances, several interlocutory motions are now made, which, with the disposition of the same by this court, are as follows:

The first motion is that the return be sent back to the justice and that he be "directed to make return to said writ of a copy of his docket as the same existed on the 4th of June, 1908," the date of furnishing the certified copy to prosecutor. If this means that the prosecutor wishes the docket as at present returned to be expunged and the other substituted, the motion must be denied, because every intendment is in favor of the return as made, and until it is proved erroneous it must stand. If prosecutor means that the copy of the docket as existing on the date named be added to the return so as to show that changes were made, his motion must also be denied. For the purpose of any proper application the court will examine the certified transcript on which his application is based. Further return is therefore unnecessary.

The second application is (*a*) to direct the justice to certify what were the entries in his docket on June 4th, 1908, which is substantially the same as that just disposed of; (*b*) whether the copy produced by the prosecutor is a true copy of the docket as it existed on that day, of which we will accept the justice's certificate as proof for the purposes of the present

application; (*c*) when and how such docket was amended so as to read as it now does in the return, which details are unnecessary and immaterial, as it is clear that the amendments were made between June 4th and the date of return; (*d*) to certify and return a true copy of the *venire* and return. This is not now required, for the obvious reason that the originals of both *venire* and return are now on file in this court, with the return to the *certiorari*. Prosecutor maintains that the copy of *venire* and return in the docket vary from the originals on file. This, however, will not invalidate the docket, as since 1847 the statute has not required a copy of the *venire* and return to be inserted, but merely the time of issuing *venire* and how returned. *O'Hagan* v. *Crossman, 21 Vroom* 516. (*e*) To certify and return a true copy of the summons and complaint, and of return to summons. The originals being in court, copies are unnecessary. (*f*) To certify whether the subpœnas issued were returned served, and if so upon whom. We fail to see what bearing this has upon the case. An examination of the reasons shows that no claim is made of excessive costs, nor that prosecutor was prejudiced by non-attendance of witnesses under subpœna. The point is not argued in any way. (*g*) To certify and return the question or questions asked by defendant's attorney of the defendant at the trial, to which objection was made by plaintiff, with the reason of the justice for excluding the question or questions. As to this the statute (*Gen. Stat., p.* 1599, § 17) makes it the "duty of the justice to enter on his docket * * * the admission of evidence objected to and the rejection of evidence offered." The return shows that certain questions asked by defendant's attorney were excluded at the trial, but these questions are not sent up with the return. The object of the statute being to enable this court to determine whether there was error in the admission or rejection of evidence, some sufficient statement of the import of the evidence ruled on is required. Prosecutor is entitled to have these questions in the record and on proper allegation of diminution may have a rule requiring the justice to add them to his return.

The last application is for leave to take depositions to show

that the summons was not served as required by law, but by
an unauthorized person, and the same with regard to the
*venire*. As to the summons, the question seems to be settled by
the long recognized rule that after appearance and trial with-
out objection, invalidity of process cannot be set up. With re-
lation to the *venire* the point would be important if properly
raised, but it is not. It is alleged that the jury was sum-
moned and returned not by the sheriff, but by a deputy; but
such allegation is not made in a form to call for our action.
The record in this court seems to show that the writ was ex-
ecuted by the sheriff himself; prosecutor merely alleges by his
counsel that this record is contradicted by the statement of the
deputy who claims to have made the service. This is pure
hearsay and of course cannot avail as against the official re-
turn, even as a basis for taking depositions.

A comparison of the transcript of the docket as returned
with that furnished to the prosecutor's attorney, shows that
the omissions of material statements in the latter on which a
number of the reasons in *certiorari* are based, were supplied
in the transcript sent up to this court. The practice of
amending a record after it is called for by a writ of *certiorari*
has several times been judicially criticised. *Searing* v. *Lum*, 2
*South.* 683; *Ridgway* v. *Fairholm, Penn.* *905. In *Barcklow*
v. *Hutchinson*, 3 *Vroom* 195, the court said of such an amend-
ment by the Common Pleas: "It was undoubtedly irregular to
amend the judgment without authority from this court, *after
the return* of the *certiorari*, which virtually removed the
record and proceedings into this court." But this was after
return. If a comparison of the two transcripts in this case
showed contradictory statements, it would probably be neces-
sary to rule the justice to certify which transcript correctly
stated the facts, as was done in Searing *v.* Lum, and if it ap-
peared by his certificate that the first transcript was correct
and the second falsified, we should no doubt be obliged to
animadvert on his conduct as was done in that case. All that
appears here, however, is that the second transcript supplied
matters omitted from the first one, and there is nothing

shown, or indeed, alleged, to impeach the truthfulness of the later one as to any of these matters.

Except as to the failure of. the justice to send up the evidence offered by defendant and excluded, as above mentioned, the applications will all be denied.