CHARLES CAPONE, PROSECUTOR, v. THE UNION COUNTY PARK COMMISSION ET AL., DEFENDANTS.

Submitted May 15, 1931—Decided November 4, 1931.

Before Justices TRENCHARD, DALY and DONGES.

For the prosecutor, *Henry S. Waldman.*

For the defendants, *David Armstrong.*

PER CURIAM.

This case is before us on a writ of *certiorari* allowed to review the dismissal of the prosecutor from the police force of the Union county park commission. Charges were preferred and, after a trial, the prosecutor was dismissed, having been found guilty on two of three counts.

The sole point argued is that the prosecutor did not have the fair trial guaranteed by the Municipalities act because certain persons were allowed in the room while the commissioners were deliberating the case. Prosecutor relies upon the case of Rosecrans *v.* Westfield, a case decided by Mr. Justice Bergen sitting alone, and not reported. In that case, after the council had deliberated and reached a conclusion that Rosecrans was guilty, the town attorney was called in to advise concerning the drafting of a resolution dismissing the accused. When he arrived in the room one councilman demurred at the penalty of dismissal and further discussion

occurred. For two hours the case was discussed and the town attorney joined in the discussion in that he advised the council with respect to legal matters but did not talk about the facts. Mr. Justice Bergen said that Rosecrans had not had a fair trial.

In the instant case, after the presentation of the testimony, everybody retired from the room except the secretary to the commission and the attorney. The secretary testified in the depositions taken under the writ that neither he nor the attorney took part in the discussion of the commissioners. They were not asked any questions, nor did they say anything. Later the chief of police was called into the meeting. It appears from the depositions that he was asked whether prosecutor would resign if asked to do so. This had nothing to do with the merits of the case against Capone. In *Ayres* v. *Newark,* 49 *N. J. L.* 170, and other cases, it has been held that a fair trial in the sense of this act does not mean a trial conducted with regard to all the formalities of a trial upon an indictment. It means a trial which insures the doing of substantial justice in the interest of the public. Prosecutor was not injured in the slightest by having the attorney and secretary in the meeting when they did not take part in the discussion, or by having the chief of police asked a question which had nothing to do with the charges against prosecutor or forming the conclusion of the commissioners.

The writ of *certiorari* is dismissed, with costs.