CHARLES F. BROWN, PROSECUTOR, v. THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE CITY OF PATERSON, CONSISTING OF THEODORE L. SLOAN ET AL., RESPONDENTS.

Submitted April 27, 1933—Decided December 5, 1933.

Before Justice HEHER, pursuant to the statute.

For the prosecutor, *Vincent C. Duffy* (*Minturn & Weinberger*, of counsel).

For the respondents, *Salvatore D. Viviano (Charles F. Lynch,* of counsel.)

HEHER, J. This *certiorari* brings up the proceedings had upon a complaint charging that prosecutor, a patrolman in the police department of the city of Paterson, was guilty of misconduct, in violation of departmental rules and regulations, in that (1) he was intoxicated while on police duty on a specified day; (2) he failed, twice on that day, to signal his presence on post at the appointed time, and (3) he failed, also on that day, to answer a rollcall, and to report for duty at the designated time. He pleaded guilty to the charges growing out of the alleged failure to signal his presence on post, and to answer the rollcall and report for duty at the proper time, and went to trial on the charges based upon his alleged intoxication. He was found guilty of this charge, and dismissed from the service.

The grounds of attack argued are (a) that there was no legal evidence to support the order of dismissal, in that the witnesses called were not sworn; (b) that the evidence before respondent board, assuming that it was legally introduced, was insufficient to sustain the judgment, and (c) that prosecutor did not have a fair trial.

The return to the writ, which includes the minutes of the proceedings before the respondent board, certifies that the witnesses who testified were first duly sworn. Every intendment is in favor of the return as made, and until it is proved erroneous it must stand. *Gory* v. *Jackson,* 76 *N. J. L.* 387; 74 *Atl. Rep.* 658. The only evidence offered to contradict the return in this respect was that given by prosecutor, who testified, when examined in these proceedings, that "a Bible or other religious script" was not "used at the hearing to make their [the witnesses'] testimony binding." Assuming its competency for the purpose offered, this testimony avails prosecutor nothing. Counsel is evidently under a misapprehension as to the requisites of a valid oath. There is no such statutory requirement. 3 *Comp. Stat., p.* 3772. This point is therefore without substance.

As to the second point, the proofs were ample to warrant the respondent board's finding that prosecutor was guilty of the charge of intoxication. The evidence, fairly weighed and considered, is persuasive of prosecutor's guilt of this charge.

Prosecutor urges, in support of the third point, that he was deprived of a fair trial because of the presence of the city attorney and respondent board's clerk at the executive session of the board, held to consider the evidence and determine the matter. A fair trial in such case does not mean a trial conducted with regard to all the formalities of a trial upon an indictment. It means a trial which insures the doing of substantial justice. *Ayers* v. *Newark,* 49 *N. J. L.* 179; 6 *Atl. Rep.* 659; *Capone* v. *Union County Park Commission,* 9 *N. J. Mis. R.* 1105; 156 *Atl. Rep.* 782. It is not shown that the presence of the named officials resulted in injury to prosecutor. On the contrary, the proofs show that they took no part in the discussion of the matter by members of respondent board, and in no sense participated in their deliberations. There is, therefore, no basis for a finding that they influenced, in any respect, the final determination of respondent board.

Writ dismissed, with costs.