[S. F. No. 7732. In Bank.—June 8, 1916.]

MARIN MUNICIPAL WATER DISTRICT et al., Petitioners, v. WILLIAM DOLGE, Auditor of Marin Municipal Water District, Respondent.

MUNICIPAL WATER DISTRICT—AUDITOR A MINISTERIAL OFFICER—COUNTER-SIGNING BONDS—MANDAMUS.—The auditor of a municipal water district is a purely ministerial officer, and it is his duty to comply with a requirement of the board of directors of the district that its bonds should be countersigned by him. The performance of such duty will be enforced by *mandamus* without inquiry into any question touching the validity of the bonds.

APPLICATION for a Writ of Mandate directed to the auditor of the Marin Municipal Water District.

The facts are stated in the opinion of the court.

George H. Harlan, Curtis H. Lindley, and Henry Eichkoff, for Petitioners.

Heller, Powers & Ehrman, and James L. Robison, for Respondent.

SHAW, J.—This is a proceeding in *mandamus* by the Marin Municipal Water District and its directors to compel William Dolge, as auditor of said district, to countersign certain bonds so that the same may be issued by said district.

The bonds were prepared for issue in pursuance of an election duly called and held for that purpose in accordance with the act authorizing the formation of such districts. (Stats. 1911, p. 1290; Stats. (Sp. Sess.) 1911, p. 92.) It is alleged that the bonds were presented to the auditor, and he was asked to countersign the same but refused to do so.

The case comes clearly within the rule laid down in *Los Angeles* v. *Lelande,* 157 Cal. 30, [106 Pac. 218]. That was a proceeding in *mandamus* to compel the city clerk to certify to the passage of an ordinance for a special election to approve a proposed bond issue. The court said: "The city clerk is a purely ministerial officer, whose duty it is to sign any and every ordinance which has been duly passed, regardless of any views he may entertain as to its legality or illegality. Mandate directed against the clerk for his refusal to sign an ordinance could properly go no further than to order him to perform his plain duty, and any discussion touching the legality or illegality, or the constitutionality or unconstitutionality, of the ordinance in question would be the merest *obiter,* binding upon no one, and not determinative of any rights."

The act authorizes the board, upon approval by a popular vote, to issue bonds of the district. It does not require that such bonds be countersigned by any officer, or at all. The necessity for countersigning these bonds arises solely from the fact that the board of directors needlessly directed that they should be countersigned by the auditor. Section 10 of

the act provides that the board by majority vote shall appoint an auditor who "shall serve at the pleasure of the board." The board could therefore at any time remove the present auditor and appoint in his place someone who would obey its orders. Hence, there is no necessity for any application to the courts. The thing sought could have been obtained in far less time if the board had merely exercised its own powers to accomplish its purpose.

Manifestly, therefore, the real object of this proceeding was not to get the bonds countersigned, but to induce this court to consider and decide a number of questions argued in the briefs touching the constitutionality of the act, the validity of the organization of the district, and the regularity of the proceedings to issue the bonds. "A court will not decide a constitutional question, unless such construction is absolutely necessary." (*Estate of Johnson,* 139 Cal. 534, [96 Am. St. Rep. 161, 73 Pac. 425].) The auditor, holding office as he does under authority of the district, cannot in his official capacity dispute its existence or the validity of its organization. (*Ayers* v. *Newark,* 49 N. J. L. 174, [6 Atl. 659].) Its validity cannot be questioned except in an action in *quo warranto* by or on behalf of the state. (*Keech* v. *Joplin,* 157 Cal. 1, 14, [106 Pac. 222]; *Quint* v. *Hoffman,* 103 Cal. 506, [37 Pac. 514, 777].) The auditor, like the city clerk in the Los Angeles case, is a purely ministerial officer of the district, and he must obey the orders of the board of directors, regardless of his views on the above-mentioned questions.

Let the writ issue as prayed for.

Sloss, J., Lorigan, J., Melvin, J., and Lawlor, J., concurred.

The Chief Justice did not participate in the consideration or determination of this proceeding.

Rehearing denied.