WILLIAM EISBERG, PROSECUTOR, v. MAYOR AND COUN-
CIL OF THE BOROUGH OF CLIFFSIDE PARK AND
JOSEPH J. COHN, RESPONDENTS.

Submitted December 5, 1918—Decided February 19, 1919.

A trial of a policeman for delinquency, in which, of the six councilmen
who heard the case, one preferred the charges and three of the
remaining members were called as witnesses aginst him, one of
whom heard only a portion of the testimony, is not a "fair trial"
under the express language of chapter 152 of the laws of 1917.

On *certiorari*.

Before Justices PARKER and MINTURN.

For the prosecutor, *Mackay & Mackay*.

For the respondents, *Arthur M. Agnew*.

The opinion of the court was delivered by

MINTURN, J. The writ of *certiorari* in this case was sued
out for the purpose of reviewing the proceedings of the bor-
ough council in dismissing the prosecutor from the police
force, for general disobedience and insubordination and in-
efficiency, the details of which were alleged in certain charges
preferred against him in a written complaint.

He was entitled under the express language of the act of
1917, chapter 152, to "a fair trial" upon the charges preferred
against him. He was convicted by a vote of four to two of the
council. Of those voting in the affirmative one councilman
preferred the complaint against him and three councilmen
were called as witnesses against him. One of the councilmen
who, under the theory of a fair trial required by the mandate
of the statute, was supposed at least to have heard the testi-
mony upon which he was called upon to base his judgment,
was not present at the first hearing, and, consequently, heard
none of the testimony presented at that session. He, subse-

quently, was called as a witness against the prosecutor and eventually assisted in determining the inquiry adversely to the prosecutor. It is hardly necessary in considering the legislative prerequisites of a fair trial to say more than that it is obvious that this proceeding did not conform to the recognized rules governing such procedure. A fair trial, in the generic language of Mr. Webster in the *Dartmouth College Case,* 4 *Wheat.* 518, 581, is a proceeding "which hears before it condemns; which proceeds upon inquiry, and renders judgment only after trial." Specifically, it is held to be that a hearing shall be accorded to the alleged delinquent by an impartial and disinterested tribunal. 2 *Abb. Mun. Corp.* 1663; *Pinkermann* v. *Rusling,* 64 *Conn.* 517; *Streeter* v. *Worcester,* 177 *Mass.* 29.

The rule is fundamental that a person who has not heard the testimony in a given case occupies no legal status as arbiter or judge to adjudicate upon the cause.

This infirmity was accentuated by the fact that the police rules of schedule of alarm calls for failure to comply with which he was adjudged guilty, were not introduced in evidence, and this omission presents a clear failure of proof in the case to sustain the conviction.

The resolution in question will be set aside.