SEATTLE STAR, Inc. et al. v. RANDOLPH et al.

No. 11828.

Circuit Court of Appeals, Ninth Circuit.

May 26, 1948.

Rehearing Denied June 23, 1948.

Skeel, McKelvy, Henke, Evenson & Uhlmann, E. L. Skeel, and W. Paul Uhlmann, all of Seattle, Wash., for appellants.

J. Charles Dennis, U. S. Atty., and John E. Belcher and Vaughn Evans, Asst. U. S. Attys., all of Seattle, Wash., for appellees.

Before GARRECHT, MATHEWS and ORR, Circuit Judges.

ORR, Circuit Judge.

Appellees petitioned the United States District Court, Western District of Washington, Northern Division, to enforce certain rights allegedly secured to them as veterans under § 8(c) of the Selective Service and Training Act, 50 U.S.C.A.Appendix, § 308(c). The District Court rendered a judgment in their favor. From said judgment this appeal is taken. Briefly summarized, the facts are: Appellees Randolph and Taylor terminated their employment with the Seattle Star in January and August, respectively, of 1942, in order to serve with the armed forces of the United States. Both men were honorably discharged from the armed services in 1946 and upon request were reemployed by the Seattle Star and restored to positions equal or superior to those formerly held, without loss of seniority. On August 13, 1947, the Star ceased publication and the services of appellees, together with those of a great number of other employees terminated.

At the time of the induction of appellees into the armed services, there was in effect between the Seattle Star and the Seattle Newspaper Guild a contract which provided for the payment of severance pay to be computed on the basis of full time employment of each employee of the Seattle Star. The District Court concluded that the period of time spent by appellees in the armed services should be included in determining the amount of severance pay due them at the time their employment ceased. With this conclusion we do not agree.

Section 308(c) provides as follows: "(c) Any person who is restored to a position in accordance with the provisions of paragraph (A) or (B) of subsection (b) shall be considered as having been on furlough or leave of absence during his period of training and service in the land or naval forces, shall be so restored without loss of seniority, shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person was inducted into such forces, and shall not be discharged from such position without cause within one year after such restoration."

Section 308(c) does not require that employers afford to returning veterans, as distinguished from non-veterans, any specific benefits in the nature of insurance or severance pay. It provides only for the participation by re-employed veterans in those insurance and other benefits "offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person was inducted into such forces." Dwyer v. Crosby Co., 2 Cir., 167 F.2d 567.

A determination of the question requires an examination of the contractual provisions in effect between the Seattle Star and its employees at the time of appellees' induction into the Army.

Article VIII, clause 4, of the contract between the Seattle Star and the Seattle Newspaper Guild in effect at that time, provided: "In computing severance pay the length of service of the employee shall be the total years of full time continuous employment by the Seattle Star".

Clause 6, of Article VIII, provides that "time spent on such leave [leave of absence] shall not count as service time."

Therefore, since § 308(c) provides that time spent in the armed services should be considered as time spent on furlough or leave of absence, such time cannot be counted as continuous service time for the employer because of its exclusion therefrom by clause 6 of Article VIII of the contract in effect at the time they entered the service.

Appellees rely on Article X of the contract which provides that an employee in the position of appellees "shall be deemed to be an employee on leave of absence and shall resume his position or a comparable one within two (2) weeks * * * with dismissal pay rating and other rights under the contract unimpaired," and emphasize the requirement that dismissal pay rights be *"unimpaired"*. However, an adjustment of appellees' rights in accordance with the mandate of the law and the provisions of Article X of the contract which require

time spent in the armed services to be considered as furlough time, does not *impair* their severance pay rights.

It is argued that unless the contract be so interpreted as to permit appellees' time in the armed services to be considered as full time employment, said contract conflicts with § 8(c) of the Selective Service and Training Act and is against public policy. Such a contention is diametrically opposed to the plain reading of § 8(c) and gives no effect to the requirement that the determination shall be made on the basis of the rules applicable at the time of induction to those on furlough or leave of absence. Feore v. North Shore Bus Co., Inc., 2 Cir., 161 F.2d 552.

Since the applicable rules, as embodied in the contract, provided that time on furlough or leave of absence should not be considered in determining severance pay and since, under the statute, appellees were clearly not in a position to demand any more than any employee on furlough or leave of absence, it follows that time spent in the armed forces was not includible in determining the severance pay of appellees.

In view of what we have said, other contentions of appellant need not be considered.

Judgment reversed.