## BROWN v. WATT CAR & WHEEL CO.

No. 11058.

United States Court of Appeals
Sixth Circuit.

June 1, 1950.

Loren G. Windom, Columbus, Ohio, Ray J. O'Donnell, Loren G. Windom, Columbus, Ohio, on brief, for appellant.

Raymond D. Metzner, Cleveland, Ohio, Raymond D. Metzner, Cleveland, Ohio, on brief, for appellee.

Before HICKS, Chief Judge, and SIMONS and MILLER, Circuit Judges.

MILLER, Circuit Judge.

The appellant, Roy Brown, who is a re-employed veteran, appeals from a judgment which denied his claim for vacation with pay under the provisions of the Selective Training and Service Act of 1940. 50 U.S.C.A.Appendix, § 308.

The facts have been stipulated as follows: The appellant was a permanent employee of the appellee, Watt Car and Wheel Company, from March 16, 1941 until December 9, 1942, when he was inducted into the United States Army. On or about December 10, 1945, he was honorably discharged and following application for re-employment was restored by the appellee to his former position with the pay and seniority of said position on January 4, 1946. At the time of the appellant's induction into the Army in 1942, the employees of the appellee were not entitled to any vacation with pay, nor was there any such provision until 1945 when a contract was entered into between the appellee and the International Association of Machinists Union, effective from April 15, 1945 until April 15, 1946.

Article IX of the contract of the Union provided as follows:

"Sec. A—The Company agrees to grant a week's vacation with pay to each of its employees, who at the time of such vacation have been continuously in its employ for a period of one year.

"Sec. B—The Company agrees to grant two weeks' vacation with pay to each of its employees, who at the time of such vacation have been continuously in its employ for a period of five years or more."

Under the foregoing contract provisions the appellee and the Union have followed the practice of handling veterans' vacations in the manner in which appellant's case has been treated. The appellee has granted to the appellant one week's vacation with pay for the years 1946 and 1947. Non-veteran employees on furlough or leave of absence are not permitted, by the rules and practices of the employer, to count such time toward the five years continuous employment required in order to be eligible for two weeks' vacation with pay.

Appellant contends that under the provisions of Secs. 8(b) (B) and 8(c) of the Selective Training and Service Act of 1940, §§ 308(b) (B) and 308(c), Title 50 U.S.C.A.Appendix, the time between December 9, 1942, and December 10, 1945, when he was in the Army, should be counted as time during which he was in the employ of the appellee, and if so counted would qualify him for the two weeks' vacation with pay by reason of continuous employment of five years or more. Appellee contends that the time spend by the appellant in the Army is not to be considered in determining the vacation with pay benefit provided by the contract.

Sec. 8(b) (B) of the Act, in providing for the re-employment of a discharged veteran by his former employer upon timely and proper application therefor, states: "(B) if such position was in the employ of a private employer, such employer shall restore such person to such position or to a position of like seniority, status, and pay unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so; * * *."

Sec. 8(c) of the Act provides: "(c) Any person who is restored to a position in accordance with the provisions of paragraph (A) or (B) of subsection (b) shall be considered as having been on furlough

or leave of absence during his period of training and service in the land or naval forces, shall be so restored without loss of seniority, shall be entitled to participate in insurance or other benefits offered by the employer pursuant to established rules and practices relating to employees on furlough or leave of absence in effect with the employer at the time such person was inducted into such forces, * * *."

It seems clear that the appellee has fully complied with the provisions of Sec. 8(b) (B). It required the appellee to restore the appellant to his former position. The stipulated facts are that the appellee restored the appellant to his former position with the pay and seniority of said position. What rights the appellant has upon being so restored to his former position are controlled by the provisions of Sec. 8(c) which specifically provides "Any person who is restored to a position in accordance with the provisions of paragraph (A) or (B) of subsection (b) shall be considered * * *." Accordingly, the question presented by the present case is the construction to be given to the provisions of Sec. 8(c).

 Sec. 8(c) provides that the veteran shall be restored to his position "without loss of seniority." We do not agree with the contention that "seniority" includes vacation with pay. The phrase "without loss of seniority" was explained by the Supreme Court in Fishgold v. Sullivan Dry Dock and Repair Corp., 328 U.S. 275, 66 S.Ct. 1105, 90 L.Ed. 1230, 167 A.L.R. 110. The Court said that this means that the veteran is protected against receiving a job inferior to that which he had before entering the armed services, that he does not step back on the seniority escalator at the point he stepped off, but that he steps back on at the precise point he would have occupied had he kept his position continuously during the war. In Aeronautical Indus. Dist. Lodge 727 v. Campbell, 337 U.S. 521, 69 S.Ct. 1287, 1290, the Court said that Congress in its use of the phrase "without loss of seniority" was not creating a system of seniority but was using the term in its conventional concept. The conventional concept of seniority is that it consists of a relative position among all employees within a specified job group, determined by length of service with the employer, conferring upon those having such seniority certain priorities with respect to jobs, promotions, lay-offs and other such matters as provided by the contract between the employer and the Union. But such rights on the part of the employee come from the union contract not from seniority. Seniority deals with the priority among employees in taking advantage of such rights under the contract as become available in the operation of the industrial unit. Siaskiewicz v. General Electric Co., 2 Cir., 166 F.2d 463, 465. Accordingly, vacation with pay comes from the union contract; it is not an element of seniority. The stipulated facts state that appellant was restored to his former position "with the pay and seniority of said position." That provision of the statute has been complied with, although it has not resulted in giving appellant two weeks' vacation with pay under the contract.

 Nor do we agree with the further contention that under Sec. 8(c) the time spent in the service is to be treated as time in the continuous employ of the appellee in applying Article IX, Section B of the Union contract. Sec. 8(c) provides that the re-employed veteran shall be considered as having been on furlough or leave of absence during his period of service, and shall be entitled to participate in insurance "or other benefits" offered by the employer pursuant to the practices relating to employees on furlough or leave of absence in effect at the time such person was inducted. Assuming vacation with pay to be included in the phrase "other benefits," it was not a benefit in effect when the appellant was inducted. After it became effective on April 15, 1945 by reason of the union contract, non-veteran employees on furlough or leave of absence were not permitted by the rules of the employer to count such time in qualifying for vacation benefits. The re-employed veteran is by the terms of the statute in the same classification. He has not been discriminated against. He has been treated the same as the non-veteran employee. He is not entitled to more under the Act. Fishgold v. Sullivan Dry Dock & Repair Co.,

supra, 328 U.S. at pages 285–286, 66 S.Ct. 1111; Aeronautical Lodge v. Campbell, supra, 337 U.S. at pages 525–526, 69 S.Ct. 1289.

We are of the opinion that the judgment of the District Court should be affirmed. Siaskiewicz v. General Electric Co., supra; Dwyer v. Crosby Co., 2 Cir., 167 F.2d 567; Dougherty v. General Motors Corp., 3 Cir., 176 F.2d 561; Seattle Star v. Randolph, 9 Cir., 168 F.2d 274; Woods v. Glen Alden Coal Co., D.C.Pa., 73 F.Supp. 871; Cushmier, v. Ford Motor Co., D.C.Mich., 89 F. Supp. 491. See also Nevins v. Curtis-Wright Corp., 6 Cir., 172 F.2d 535.