83 N.J. Super. 245 (1964)
199 A.2d 385
CARMINE J. PERRAPATO, PLAINTIFF-RESPONDENT,
v.
GOTTHOLD ROSE, MAYOR OF THE CITY OF GARFIELD, AND THE CITY OF GARFIELD, A MUNICIPAL CORP. OF THE STATE OF NEW JERSEY, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued March 16, 1964.
Decided April 9, 1964.
*246 Before Judges CONFORD, FREUND and SULLIVAN.
Mr. Ralph W. Chandless argued the cause for appellants (Messrs. Chandless, Weller & Kramer, attorneys).
Mr. Carmen M. Belli argued the cause for respondent.
*247 The opinion of the court was delivered by FREUND, J.A.D.
Plaintiff Carmine J. Perrapato is the chief of police of the City of Garfield. On December 4, 1962 he was informed by defendant Gotthold Rose, mayor of Garfield, that he was suspended without pay for a period of five days, beginning December 4 and ending December 8, 1962. This action was predicated on the fact that the mayor had found an employee of the Garfield Water Department working at plaintiff's home during regular hours.
In answer to the mayor's request plaintiff had submitted a report stating that although the employee had done "odd jobs" for him in the past, such work had always been done on Saturdays or during hours when the employee was not working for the city, and that he (plaintiff) had not known that the employee had been working at his home on the day in question, nor had he nor any member of his family ever authorized this person to work there during times when he should have been working for the city. It was following receipt of this report that the Mayor notified plaintiff that he was suspended. Defendants concede that no formal charges were ever served upon plaintiff, and that he was not afforded a hearing.
Plaintiff brought an action in lieu of prerogative writs, demanding that his suspension be declared illegal and his salary for the suspension period be paid. The trial court granted his motion for summary judgment on the ground that the suspension violated N.J.S.A. 40:47-6, the relevant portions of which are as follows:
"No person, whether officer or employee in any such police department * * * shall be suspended, removed, fined or reduced from office or employment therein, except for just cause, as hereinbefore provided, and then only after written charge or charges of the cause or causes of complaint shall have been preferred against such officer or employee of said police department * * * signed by the person or persons making such charge or charges and filed in the office of the body, officer or officers having charge of the department in which the complaint arises and a copy thereof served upon such person within fifteen days after the filing thereof and after the charge or charges shall have been publicly examined by the appropriate board *248 or authority upon reasonable notice to the person charged, which examination shall be commenced not less than fifteen days nor more than thirty days after said copy of such charge or charges shall have been so served.
It is the intent of this section to give every person against whom a charge or charges for any cause may be preferred under this article a fair trial upon said charge or charges and every reasonable opportunity to make his defense if any he has or chooses to make and that in event of failure of compliance with any provision of this section, such charge or charges shall be dismissed."
Defendants contend that N.J.S.A. 40:47-6 is not applicable here because Garfield had adopted the Civil Service Act, N.J.S.A. 11:1-1 et seq. The mayor based his suspension of respondent upon Civil Service Rule 58, which reads as follows:
"Any appointing authority, and in his absence, the officer or employee having authority to act in his place, may suspend from duty without pay or with reduced pay, fine or demote any employee in his organization unit for any period not exceeding five days except when such officer or employee is charged with a criminal offense in which case such suspension may exceed five days, on account of inefficiency, incompetency, misconduct, negligence, insubordination, disloyalty or other sufficient cause. When any such suspension, fine or demotion is for a period greater than five days at any one time or when such suspensions, fines or demotions aggregate more than 15 days in any calendar year except when the employee is charged with a criminal offense the employee so suspended, fined or demoted shall have the same right of appeal as provided in the case of removals and the commission shall have the power to revoke or modify the action of appointing authorities as in its judgment is equitable and in the interests of the service."
Rule 58 implements N.J.S.A. 11:2A-1, which provides:
"No employee of the State, or of any county, municipality or school district of the State shall be suspended, fined, or demoted more than 3 times in any 1 year, nor for more than 5 days at any 1 time, nor for a period of greater than 15 days in the aggregate in any 1 year or discharged without the same right of appeal to the commission, which shall have the same power of revoking or modifying the action of such authority, as in the case of removal as provided in section 11:15-2 to 11:15-6 of the Revised Statutes."
The primary question before us, then, is whether N.J.S.A. 11:2A-1, which by negative implication denies a civil service *249 employee the right to secure review before the Civil Service Commission of the brief suspensions mentioned in the statute, precludes such an employee who is a member of the police department in a municipality which has adopted the Civil Service Act from seeking judicial relief from a suspension which allegedly violates N.J.S.A. 40:47-6. We hold that it does not.
Appellants argue that policemen and firemen are entitled to the protection of N.J.S.A. 40:47-6 only if the municipality which employs them has not adopted the Civil Service Act. Although N.J.S.A. 40:47-6 and the Civil Service Act have similar purposes  generally, to guard against partisan political and other improper interferences with public employment  and provide similar procedures for effectuating those purposes, we are not led to the conclusion that where the second is adopted the first is completely superseded. The two statutes should be read in pari materia, and construed so as to give each as full effect as is possible. City of Clifton v. Passaic County Board of Taxation, 28 N.J. 411, 421 (1958). The Civil Service Act is general in its nature and scope, affecting equally all employees subject to its terms. Chapter 47 of the Home Rule Act deals specifically with policemen and firemen. It is not inconsistent that these two classes of municipal employees are the subject of special legislative treatment with regard to matters of tenure, discipline, etc. Further, the Civil Service Act, even where applicable, does not purport to deprive the aggrieved employee of judicial relief, but at most a right of review before the Civil Service Commission. We cannot impute to the Legislature an intent to deprive policemen of the right to seek judicial relief from suspensions which allegedly violate N.J.S.A. 40:47-6, merely because N.J.S.A. 11:2A-1 purports, and then only by implication, to deny civil service employees (including police officers) review by the Civil Service Commission where the suspension is of the limited character specified.
For purposes of clarification we note that R.S. 11:22-24 does not, as plaintiff maintains and the trial court apparently *250 believed, render N.J.S.A. 11:2A-1 inapplicable. The former states that "[n]othing contained in this subtitle shall * * * affect any law of the state respecting the police or fire departments in any municipality * * *." (Emphasis added) N.J.S.A. 11:2A-1 is not a part of the subtitle referred to. See Town of Hammonton v. Civil Service Com., 82 N.J. Super. 64, 73 (App. Div. 1964). Nevertheless, and even though there is no "saving clause" in the subtitle which includes N.J.S.A. 11:2A-1, we cannot say that an implied denial of review by the Civil Service Commission is effective to deprive a policeman of his right to seek judicial relief from an alleged violation of his rights under N.J.S.A. 40:47-6. See Albert v. Caldwell, 123 N.J.L. 266, 268 (E. & A. 1939); cf. Martini v. Civil Service Commission, 129 N.J.L. 599, 602 (Sup. Ct. 1943). And see Graham v. City of Asbury Park, 69 N.J. Super. 256, 259 (App. Div. 1961), affirmed 37 N.J. 166 (1962); Edelstein v. City of Asbury Park, 12 N.J. Super. 509, 512 (App. Div. 1951).
Nor can it be said that under N.J.S.A. 40:47-6 "no written charges are required before suspension where such suspension is properly motivated." The statute specifically so requires, irrespective of motivation. The mayor's demanding a written explanation of the incident in question, followed by his letter notifying respondent of the suspension, does not satisfy the statutory requirements. The serving of formal charges and the opportunity to be heard are essential prerequisites to suspension under N.J.S.A. 40:47-6. See City of Wildwood v. Neiman, 44 N.J. Super. 209, 213 (App. Div. 1957); Edelstein v. City of Asbury Park, supra, 12 N.J. Super., at p. 512.
D'Ippolito v. Maguire, 33 N.J. Super. 477 (App. Div. 1955), is not to the contrary. That case concerned "the right of a municipality to suspend a police officer without pay, pending investigation, the preferring of formal charges and a hearing." (Emphasis added) In the instant case the five-day suspension was itself a punishment. No investigation followed; no formal charges were ever served upon respondent; *251 he resumed his office without protest of the mayor at the end of the five days. In D'Ippolito Judge Goldmann pointed out that the "suspension" mentioned in N.J.S.A. 40:47-6 refers to the punishment which follows investigation and hearing, and that the statute did not preclude suspension in the sense of temporary and voluntary withdrawal, while the proper authorities were investigating suspicious circumstances and readying the filing of formal charges. But here, respondent was notified that as of that day he was suspended without pay for five days. In view of the fact that no further steps were taken to implement this action, it seems clear that respondent was punished by "suspension" in the sense of "discipline administered to a civil servant after adjudication of his guilt of proscribed conduct." D'Ippolito v. Maguire, supra, 33 N.J. Super., at p. 483. Such punishment must be preceded by the serving of formal charges and the conducting of a hearing. Id., 33 N.J. Super., at p. 485. The issue is not moot. Respondent has lost five days' pay, and the disciplinary suspension constitutes a blot on his record.
Respondent is entitled to recover the unpaid salary. See Graham v. City of Asbury Park, supra, 69 N.J. Super., at pp. 262-263.
The judgment of the Superior Court setting aside the suspension and directing the payment of respondent's unpaid salary is affirmed.