IN THE MATTER OF
MICHAEL FIDEK.

Superior Court of New Jersey
Appellate Division

Submitted January 10, 1977—Decided January 28, 1977.

Before Judges Fritz, Ard and Pressler.

*Messrs. Anschelewitz, Barr, Ansell & Bonello,* attorneys for appellant (*Mr. John L. Bonello* on the brief).

*Mr. William F. Hyland,* Attorney General, attorney for respondent (*Ms. Erminie L. Conley,* Deputy Attorney General, of counsel; *Mr. Arnold Lakind,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

Pressler, J. A. D. Petitioner Michael Fidek, a state employee in the classified service, appeals from a determination, made without hearing, by the Department of Civil Service (Department), reducing the length of his seniority by a period of four months which, pursuant to leave granted without pay for that purpose, he had spent in initial active training in the military reserves.

Appellant has been a permanently appointed right of way negotiator employed by the Department of Transportation (DOT) since September 9, 1966. The initial active training leave here in question was granted shortly thereafter.

The effect of that leave was brought into question in January 1975 when DOT eliminated one of the negotiator positions in its Monmouth County office where petitioner was assigned, requiring a lateral transfer of one negotiator to its Mercer County office. An undesired lateral transfer is made on the basis of seniority, and it is undisputed that appellant would have been subject to such transfer on the basis of having the least seniority in the Monmouth County position only if the four-month leave were deducted from his total length of service as a permanent employee.

We note at the outset that pending this appeal petitioner was reassigned to the Monmouth County office by virtue of his having been placed on a special reappointment list upon his ordered transfer to Mercer County and the ensuing occurrence of a vacancy in a negotiator's position in Monmouth County. We decline, however, to consider the appeal moot because the determination here appealed from constitutes a permanent reduction of petitioner's seniority for all other employment rights which are or may be affected thereby. He is, therefore, clearly entitled to a clarification of his seniority status and to the redress in respect thereof which we deem warranted here.

The basis of petitioner's appeal is twofold. He claims first that as a matter of statutory and regulation interpretation, the four-month leave cannot properly be regarded as a break in continuous service which would affect seniority. He further argues that the Department erred in not granting his request for a hearing.

We are satisfied that there was no error in the denial of the hearing request since there is patently no genuine issue as to any material fact here involved. In that posture, determination on the submitted record was not improper. *Cunningham v. Civil Service Dept.*, 69 *N. J.* 13, 25 (1975); *Lavitz v. Civil Service Comm'n*, 94 *N. J. Super.* 260, 266 (App. Div. 1967). We do, however, agree with petitioner that the four-month leave was improperly deducted from the calculation of his seniority.

The decision of the Department, as expressed in the letter opinion of its Chief Examiner and Secretary, was apparently based on two separate considerations. The first of these is the somewhat mystifying observation that "Mr. Fidek's seniority was computed properly in accordance with *N. J. A. C.* 4:1–17.3(b)." *N. J. A. C.* 4:1–17.3(b) is then properly quoted. It reads in full as follows:

A permanent employee who enlists in a reserve component of the Armed Force of the United States or is otherwise required to perform an initial period of active duty for training pursuant to the Reserve Forces Act of 1955 (Reserve Enlistment Program) shall be granted a leave of absence for such period of training. Such leave is not considered military leave.

While we are confident that petitioner's leave was granted pursuant to this regulation (or its predecessor), we have difficulty in perceiving how this regulation can be regarded as resolving the matter, or even addressing it directly, in view of the fact that neither the statutes nor the regulations governing the state service distinguish between a military and a nonmilitary leave in respect of the effect of an unpaid leave on seniority calculation.

The Chief Examiner noted further that federal law prohibits any employer from taking any action prejudicing any employment right of an employee who requires leave in order to perform initial active reserve training. 38 *U. S. C. A.* § 2024(d). He concluded, however, that although this law directly covers the situation here, its protection could not be availed of by this petitioner since it did not become effective until 1974. We need not, however, reach the question of whether that federal legislation is susceptible to retroactive application since we are satisfied that the protection petitioner here seeks was independently afforded by the applicable complex of state legislation and administrative regulation prior to the effective date of 38 *U. S. C. A.* § 2024.

■ To begin with, we must reject the contention advanced on this appeal by the Department that *N. J. S. A.* 11:21–9 is dispositive of this controversy. That section, while it does mandate exclusion from seniority calculations of any leave without pay except a leave granted for job education or training, is, however, applicable only to employees in county, municipal or other local service. There is no cognate provision applicable to employees in the state service. Since, moreover, the basic scheme of both the Civil Service Act and the administrative regulations promulgated thereunder is to distinguish between and provide distinctly for state service employees as opposed to civil service employees in local service, we see no justification for extending the applicability of that section to state employees. Nor are we persuaded, although we need not reach the issue, that even in respect of the local service, an interpretation of *N. J. S. A.* 11:21–9 which would exclude calculation of the leave here in question would not contravene the express dictates of *N. J. S. A.* 38:23–1. That provision requires, in effect, that no governmental employee be prejudiced in his employment status by time spent in required reserve field training. Nothing therein, moreover, expressly limits its applicability to the annual two-week active duty requirement which the Department routinely concedes must be included in the seniority calculation. *Cf. Parks v. Union Cty. Park Comm'n,* 7 *N. J. Super.* 5 (App. Div. 1950).

■ We conclude that since there is no statutory provision in the Civil Service Act directly applicable to the calculation of seniority, the question here raised must be determined by resort to applicable regulation. Seniority, obviously, refers to the length of continuous, unbroken service. While the regulations do not define seniority, they do provide that continuous service means "employment without interruption except for absence on an approved leave" and that break in service means "any interruption in continuous service other than absence on an approved leave." Since the leave here was both required to be approved and

actually approved, it could not, as a simple tautological matter, have affected the seniority calculation, and should not, as a matter of expressed public policy, have affected it.

We note, finally, that the Department seeks to rely on its Personnel Manual in support of its action. To the extent, however, that the manual contradicts legislative provision and promulgated regulation, as here construed, it must be disregarded. *Cf. Kingsley v. Hawthorne Fabrics, Inc.*, 41 *N. J.* 521, 528 (1964).

The determination of the Department of Civil Service is reversed.