PATRICK J. FARAGHER, Corporation Counsel Washington County
You have asked for my interpretation of a provision of section63.065, Stats., which is applicable to the sheriff in your county by reason of section 59.21(8)(a).
The question has arisen because the incumbent sheriff, Clarence Schwartz, was recently defeated in the primary election after serving as sheriff for sixteen years. Prior to being elected sheriff, Schwartz was a deputy sheriff in the county civil service; and he has inquired about his rights to rejoin the department as a deputy sheriff.
Section 63.065 provides:
 A permanent employe in the classified service of any county having a population of 500,000 or more, who is elected to a county or state office shall be granted a leave of absence without pay from a position for the period of his or her entire service as an elected county or state officer and thereafter shall be entitled to return to the former position or to one with equivalent responsibility and pay in the classified service without loss of seniority or civil service status. At the discretion of the civil service commission, any elected state officer, while on leave of absence, may also be permitted to return to a former position or to one with equivalent responsibility and pay in the classified service for such periods of time as may be set by the commission. This section shall not apply to any department head in the classified service whenever the commission has established *Page 12 
a list of department heads or employes of any county department under s. 46.215.
You have concluded on the basis of section 63.065 and the opinion in 68 Op. Att'y Gen. 124 (1979) that Schwartz has the right to return to the sheriff's department "without loss of seniority." Your question is whether this means he returns with the same seniority he had when he left to become sheriff, or whether it means he returns with credit toward seniority for the time he spent as sheriff in addition to the seniority he had when he left the department.
In my opinion, Schwartz should be treated for seniority purposes as though he never left the position of deputy in the department. This conclusion is based on the definition of seniority, on the fact that the statute provides that Schwartz was on a leave of absence, on the interpretation of similar language in section 230.33, and on decisions interpreting provisions of the Selective Training and Service Act of 1940 that are similar to section 63.065.
Seniority is defined in Webster's Third New International Dictionary 2066 (1976) as:
 [S]tatus attained by length of continuous service (as in a company, institution, or organization or in a department, job, rank or occupational group) to which are attached by custom or prior collective agreement various rights or privileges (as preference in tenure, priority in promotion, and choice of work or shift) on the basis of ranking relative to others.
Consistent with this dictionary definition, the court in Matterof Fidek, 146 N.J. Super. 338, 369 A.2d 974, 977 (1977), said: "Seniority, obviously, refers to the length of continuous, unbroken service."
The continuous service that is the basis for seniority is usually not considered broken by an approved leave of absence.See, e.g, Matter of Fidek, 369 A.2d at 977. In Wisconsin, pursuant to section 230.33(1), classified state employes may be granted a *Page 13 
leave of absence to serve in an unclassified position; and the employe has a right, under the specified conditions, to be restored to the former classified position or an equivalent one "without loss of seniority." In this respect, section 230.33(1) is similar to section 63.065 by granting an employe a leave of absence and permitting him or her to return to the old position, or a like one, without loss of seniority.
Consistent with section 230.33(1), the rules promulgated by the Department of Employment Relations provide that permanent classified employes may be granted a leave of absence without pay to serve in an unclassified position. Wis. Admin. Code §ER 18.14(1) and (2)(b). In Wisconsin Administrative Code sectionER 18.02(2)(b)1., the department rule provides that the continuous employment status of an employe eligible for annual leave shall not be considered interrupted if the employe was on an approved leave of absence. Together, these rules indicate that continuous service is not broken for the classified state employe who is on leave to work in unclassified service. This means that, under section 230.33(1) and the similarly worded section 63.065, when the employe returns from the leave of absence, he or she will be treated for seniority purposes as though he or she had not left the classified service.
Such an interpretation of section 63.065 is consistent with the interpretation given similar provisions of the Selective Training and Service Act of 1940. Under section 63.065, the permanent employe in classified service shall be granted a leave of absence without pay to serve as an elected official; and, after completion of the elected service, the employe is entitled to return to the former position, or one of equivalent responsibility or pay, without loss of seniority or civil service status. The Selective Training and Service Act of 1940, according to the Supreme Court in Fishgold v. Sullivan Drydock RepairCorp., 328 U.S. 275, 284 (1946), was designed to protect the veteran who was called to serve in the armed forces and it guaranteed that he was not penalized on his return by reason of his absence from his *Page 14 
civilian job. The Court explained that under the act the honorably discharged veteran who was still qualified to perform the duties of his old position must be restored to his former position "`or to a position of like seniority, status, and pay.' § 8(b)(A), (B)." Fishgold, 328 U.S. at 284. The Court further said that the law also provided that the veteran "shall be `restored without loss of seniority' and be considered `as having been on furlough or leave of absence' during the period of his service for his country . . . . § 8(c)." Fishgold,328 U.S. at 284. Explaining the meaning of these provisions to the veteran the Court said: "Thus he does not step back on the seniority escalator at the point he stepped off. He steps back on at the precise point he would have occupied had he kept his position continuously during the war." Fishgold, 328 U.S. at 284-85.
Again referring to the same provisions later in the opinion, the Court said:
 As we have said, these provisions guarantee the veteran against loss of position or loss of seniority by reason of his absence. He acquires not only the same seniority he had; his service in the armed services is counted as service in the plant so that he does not lose ground by reason of his absence.
Fishgold, 328 U.S. at 285.
This interpretation of the Selective Training and Service Act of 1940 was again applied by the Supreme Court in Accardi v.Pennsylvania Railroad Company, 383 U.S. 225, 228-30 (1966). Seealso Brown v. Watt Car Wheel Co., 182 F.2d 570, 572 (6th Cir. 1950).
Under the similar interpretation of section 63.065, Schwartz is entitled to receive credit toward seniority for the time he was on leave of absence to serve as sheriff. To the extent that a collective bargaining agreement between the county and the deputies' union conflicts with section 63.065, the contract and the statute should be harmonized if possible; but if they cannot be *Page 15 
harmonized, the provisions of the collective bargaining agreement are probably superseded by the statute. See Glendale Prof.Policemen's Asso. v. Glendale, 83 Wis.2d 90, 106,264 N.W.2d 594 (1978) and Drivers, etc., Local No. 695 v. WERC,121 Wis.2d 291, 298, 359 N.W.2d 174 (Ct.App. 1984).
DJH:SWK *Page 16