845 A.2d 192

FRATERNAL ORDER OF POLICE LODGE # 1 CAMDEN, AND OFFICER RAUL BELTRAN BADGE # 1123, PLAINTIFFS, v. CITY OF CAMDEN POLICE DEPARTMENT, DEFENDANT.

Superior Court of New Jersey
Law Division Camden County

Decided October 22, 2003.

58

*Timothy J.P. Quinlan,* for plaintiff Fraternal Order of Police Lodge # 1 Camden (*Quinlan & Dunne,* attorneys).

*Barbara M. Paul,* for plaintiff Paul Beltran (*Aronberg, Kousert & Paul,* attorneys).

*Dennis G. Kille, Lewis Wilson,* City Attorney, *Felix P. Gonzalez,* Assistant City Attorney, for defendant City of Camden.

ORLANDO, A.J.S.C.

This is an action in lieu of prerogative writs in which the plaintiffs, FOP Lodge # 1 Camden and Camden Police Officer Raul Beltran, challenge the procedure adopted by the City of Camden Police Department for disciplining City police officers. The issue before the Court is what are the essential components of a hearing for a police officer who is facing minor disciplinary charges.[1]

Chief Edwin J. Figueroa issued a directive relating to internal affairs and discipline on March 28, 2003. Subsection f of that

---

[1] It has been represented in correspondence from counsel for the plaintiffs that oral reprimands, performance notices and written reprimands are not considered minor discipline for purposes of the issue before the Court.

directive provided that employees facing minor disciplinary actions would not be entitled to a hearing.[2]  On April 25, 2003, a Preliminary Notice of Disciplinary Action was filed against Officer Beltran.  He was charged with violation of Rule 8.1.35 of the Camden City Police Department Disciplinary Code. He was accused of failing to conduct proper, thorough, and complete investigations. Officer Beltran requested a departmental hearing.  Additionally, he requested advance notice of the date of the hearing so that he could have counsel present.  On the basis of the directive issued by the Chief, Officer Beltran was not afforded a departmental hearing and on May 20, 2003, he was disciplined.

The plaintiffs filed this action to set aside the minor discipline imposed against Officer Beltran and to restrain the City of Camden from using the procedure set forth in Chief Figueroa's directive.  On July 3, 2003, this Court entered a temporary restraining order enjoining the city from using the minor disciplinary procedure promulgated by Chief Figueroa.  Thereafter the City revised the procedure at least twice.  The most recent version provides as follows:

No formal hearing shall be required when a minor disciplinary action is proposed. When a complaint is found to be sustained and a minor disciplinary action is recommended a Preliminary Notice of Minor Disciplinary Action shall be prepared and the notice together with copies of all statements, reports and other investigative materials shall be forwarded to the employee and the employee's division commander.  The employee shall have 10 days from receipt of the notice to respond to the charges or to waive the right to respond.  All responses or waivers shall be made in writing and delivered to the division commander.  The division commander shall review all materials submitted to determine whether the charges are sustained or should be dismissed.  If the division commander shall determine that the charges are sustained, the division commander shall review the employee's

---

2 Section f provides: "Employees facing minor disciplinary action shall not be entitled to a hearing, however, may file a written appeal with the City Business Administrator.  Any appeals of adverse minor disciplinary action must be made in writing within 20 days of receiving the Notice of Minor Disciplinary Action. The City Business Administrator shall render the final administrative decision on all appeals concerning minor disciplinary action.  In rendering such final administrative decision the Business Administrator may uphold, increase or decrease the penalty imposed."

disciplinary history to determine the appropriate progressive minor disciplinary action. The division commander shall then prepare a Final Notice of Minor Disciplinary Action and shall forward such document to the Chief of Police for review and approval. The employee may appeal the decision to the Business Administrator within 10 days of the employee's receipt of the Final Notice of Minor Disciplinary Action. The Chief of Police or the Business Administrator, on appeal, may sustain or dismiss the charges or modify or rescind the disciplinary penalty imposed.

[City of Camden Police Department, G.O. 2003–001 (Internal Affairs Policy).]

The plaintiffs challenge this procedure asserting that an officer charged with minor rule infractions should have the right to be represented by counsel, cross-examine witnesses and present witnesses on his or her own behalf.

The first issue to be addressed by the Court is whether *N.J.S.A.* 40A:14–147 is applicable to the Camden City Police Department officers who face charges of minor discipline. The statute provides in part:

Except as otherwise provided by law, no permanent member or officer of the police department or force shall be removed from his office, employment or position for political reasons or for any cause other than incapacity, misconduct, or disobedience of rules and regulations established for the government of the police department and force, nor shall such member or officer be suspended, removed, fined or reduced in rank from or in office, employment, or position therein, except for just cause as hereinbefore provided and then only upon a written complaint setting forth the charge or charges against such member or officer. The complaint shall be filed in the office of the body, officer or officers having charge of the department or force wherein the complaint is made and a copy shall be served upon the member or officer so charged, with notice of a designated hearing thereon by the proper authorities "...."

[*N.J.S.A.* 40A:14–147.]

Camden City is a civil service municipality. The civil service statutes provide that:

If a State employee receives a suspension or fine of five days or less, the employee may request review by the board under standards and procedures established by the board or appeal pursuant to an alternate appeal procedure where provided by a negotiated contract provision. If an employee of a political subdivision receives a suspension or fine of five days or less, the employee may request review under standards and procedures established by the political subdivision or appeal pursuant to an alternate appeal procedure where provided by a negotiated contract provision.

[*N.J.S.A.* 11A:2–16.]

It is the position of Camden City that *N.J.S.A.* 40A:14–147 does not apply to civil service municipalities. This issue was addressed by the Appellate Division in the case of *Perrapato v. Rose*, 83 *N.J.Super.* 245, 199 *A.*2d 385 (App.Div.1964). In this case the court was analyzing the prior form of the *N.J.S.A.* 40A:14–147 (*N.J.S.A.* 40:47–6) and the prior form of *N.J.S.A.* 11A:2–16 (*N.J.S.A.* 11:2A–1). The court determined that the Civil Service Act did not supercede *N.J.S.A.* 40:47–6. The court ruled that *N.J.S.A.* 11:2A–1 did not deprive a police officer of judicial relief, but only of a review before the Civil Service Commission. The court stated, "We cannot impute to the Legislature an intent to deprive policemen of the right to seek judicial relief from suspensions which allegedly violate *N.J.S.A.* 40:47–6, merely because *N.J.S.A.* 11:2A–1 purports, and then only by implication, to deny civil service employees . . . review by the Civil Service Commission where the suspension is of the limited character specified." *Id.* at 249, 199 *A.*2d at 387 (emphasis deleted).

■ The decision of the court in *Perrapato* clearly holds that the predecessor statute to *N.J.S.A.* 40A:14–147 applies to civil service municipalities. This conclusion is bolstered by the fact that in the same chapter of the statute, *N.J.S.A.* 40A:14–150, states that it only applies to members of police departments in municipalities wherein Title 11 is not in operation. This limiting language is not contained in *N.J.S.A.* 40A:14–147. Both *N.J.S.A.* 40A:14–147 and *N.J.S.A.* 40A:14–150 were amended in 1981 as part of the same legislative package. The Legislature chose not to include in *N.J.S.A.* 40A:14–147 the same language in *N.J.S.A.* 40A:14–150 which limited the statute to non-civil service municipalities. Therefore this Court concludes that *N.J.S.A.* 40A:14–147 is applicable to police officers in civil service municipalities who face charges of minor discipline.

That, however, does not end the inquiry. The statute does not define what constitutes a hearing. In an effort to determine the essential components of a hearing the Court has undertaken a review of the case law on the subject. In *State v. Bd. of Police*

*Comm'rs of Newark*, 49 *N.J.L.* 170, 173, 6 *A.* 659, 660 (Sup.Ct. 1886), the Court stated

[a] fair trial does not mean that all the formalities shall be observed that are used in the trial of criminals for minor offenses in courts or by magistrates. The policeman under charges is not regarded by this statute as a criminal, but a public agent or servant whose efficiency and fitness for the discharge of his duties may be questioned at any time in the interest of the public, [comma] and no mere forms tending to chicanery and delay, rather than substantial justice, should be regarded.

In the case of *Eisberg v. Mayor of Cliffside Park*, 92 *N.J.L.* 321, 105 *A.* 716 (Sup.Ct.1919), the Court discussed what constitutes a fair trial. It stated that "[a] fair trial, in the generic language of Mr. Webster in the [Trustees of] *Dartmouth College* [*v. Woodward*] *Case* [17 U.S. 518, 581[, 4 *L.Ed.* 629,]), is a proceeding 'which hears before it condemns; which proceeds upon inquiry, and renders judgment only after trial.' " 92 *N.J.L.* at 322, 105 *A.* at 717.

The Supreme Court in the case of *Kelly v. Sterr*, 62 *N.J.* 105, 107, 299 *A.*2d 390, 392 (1973), stated that

[d]ue process is not a rigid concept. Its flexibility is in its scope once it has been determined that some process is due. It calls for such procedural protections as the particular situation demands recognizing that not all situations calling for procedural safeguards require the same kind of procedure. *Morrissey v. Brewer*, 408 *U.S.* 471, 92 *S.Ct.* 2593, 33 *L.Ed.*2d 484 (1972). Relevant considerations are the public interest, the rights involved and the nature of the proceeding. The manner of holding and conducting the hearing may vary. As long as principles of basic fairness are observed and adequate procedural protections afforded, the requirements of administrative due process have been met.

In *Sabia v. City of Elizabeth*, 132 *N.J.Super.* 6, 14, 331 *A.*2d 620, 624–25 (App.Div.1974), the court stated

[c]ontrary to the concept advanced by appellants, a departmental disciplinary proceeding is in no way a criminal or quasi-criminal proceeding and, consequently, respondents in such a proceeding do not come within the shield of the various constitutional guarantees accorded persons accused of a crime. Departmental disciplinary proceedings are civil in nature; requirements of due process are satisfied so long as proceedings are conducted with fundamental fairness, including adequate procedural safeguards.

It has been held that a hearing on a record consisting only of written documents is appropriate where there is no genuine issue as to any material fact. In *In re Michael Fidek*, 146 *N.J.Super.* 338, 340, 369 *A.*2d 974, 976 (App.Div.1977), the court determined

that a written record was sufficient to decide whether a state employee in a classified service should be reduced in seniority by four months because he took unpaid leave to participate in military training. Similarly, it was determined that no hearing beyond the written record was necessary in the matter of *Lavitz v. Civil Serv. Comm'n*, 94 *N.J.Super.* 260, 266, 227 *A.*2d 722, 725 (App.Div.1967), which considered whether a veterans' preference granted by statute to civil service employees applied to temporary civil service employment.

However, in the case of *Dolan v. City of East Orange*, 287 *N.J.Super.* 136, 146, 670 *A.*2d 587, 592 (App.Div.1996), the court set aside the dismissal of an employee who was not afforded an opportunity to cross-examine the only witness against him. The plaintiff, an employee of the City of East Orange, was charged with conduct unbecoming an employee for allegedly engaging in a physical altercation with a co-employee. *Id* at 139, 670 A.2d at 588. The plaintiff was terminated and the only evidence against him was a letter consisting of an unsworn, unsigned statement, which accused him of instigating the fight, a charge that he denied. *Ibid.* The court ruled that Dolan did not have a fair hearing as a matter of basic fairness and administrative due process. *Id.* at 140, 670 *A.*2d at 589. It noted that a hearing must conform to principles of basic or fundamental fairness and although administrative agencies may frequently rely on hearsay evidence they must do so with a residuum of legal and competent evidence in the record to support such a decision. *Id.* at 145, 670 *A.*2d at 591 (quoting *Weston v. State*, 60 *N.J.* 36, 51, 286 *A.*2d 43 (1972)). The court concluded that the plaintiff should have had an opportunity to confront and cross-examine the complainant. *Id.* at 146–47, 670 *A.*2d at 592.

In the case of *Nicoletta v. N. Jersey Dist. Water Supply Comm'n*, 77 *N.J.* 145, 390 *A.*2d 90 (1978), the New Jersey Supreme Court enumerated the required components of an administrative hearing with contested facts. The Court noted that an employee is entitled to written notice of the claimed violations,

disclosure of the evidence and an opportunity to be heard. *Id.* at 165, 390 *A.*2d at 100. The Court observed,

> [w]hile it is probable that governmental exigencies in many circumstances would justify the limiting of formal and time-consuming cross-examination of witnesses by counsel *vis-a-vis* informal questioning or pointing out of factual arguments, there should generally be permitted the presence of the accused and a right on his part to present evidence, to be advised by counsel, and if he chooses, to confront those accusing him. . . . *Id.* at 166, 390 *A.*2d at 101 (citation omitted).

The essential components of a hearing distilled from a review of these cases are as follows: (1) an accused officer is entitled to written notice of the charges; (2) he or she is entitled to the disclosure of all evidence supporting the charges; (3) he or she is to be afforded an opportunity to respond in writing to the charges; (4) if a review of the evidence supporting the charges and the officer's written response discloses that there is no material fact in dispute, the hearing officer may resolve the case on the basis of the written record; however (5) if there is a material fact in dispute, the officer is entitled to representation, to cross-examine any witnesses who may be called to testify against him or her and to present witnesses on his or her behalf. A material fact is defined as a fact legally consequential to a determination of an essential issue in a case. *Black's Law Dictionary* 881 (5th ed. 1979). Where a material fact is an issue, it is essential that the hearing officer be afforded the opportunity to consider the testimony of witnesses and to have that testimony tested by cross-examination to determine where the truth lies. Such a procedure promotes confidence in the integrity of the process.

Furthermore, determinations by the hearing officer are subject to *de novo* review in the Superior Court. *Cermele v. Tp. of Lawrence,* 260 *N.J.Super.* 45, 48, 615 *A.*2d 264, 265–66 (App.Div. 1992); *Romanowski v. Tp. of Brick,* 185 *N.J.Super.* 197, 203–04, 447 *A.*2d 1352, 1355–56 (Law Div.1982), *aff'd* 192 *N.J.Super.* 79, 469 *A.*2d 85 (App.Div.1983). In most cases a meaningful *de novo* review of the record created below where there is a disputed

material fact would be difficult if not impossible if the Court is not provided with the testimony of the witnesses.

█ Accordingly, the Camden City Police Department is enjoined from enforcing the procedure adopted for minor discipline because it does not provide for representation of counsel, cross-examination of witnesses and the right to call witnesses when there is a material fact in dispute.