260 N.J. Super. 45 (1992)
615 A.2d 264
ANTHONY CERMELE, PLAINTIFF-APPELLANT,
v.
THE TOWNSHIP OF LAWRENCE, A MUNICIPAL CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted February 13, 1992.
Decided March 13, 1992.
Before Judges DREIER and BROCHIN.
Michael A. Pane attorney for appellant (Michael A. Pane, on the brief).
Bocchini & Bliss attorneys for respondent (Mr. Bliss, of counsel and on the brief, and Maria DiMattia, on the brief).
The opinion of the court was delivered by DREIER, J.A.D.
*46 Plaintiff appeals from a dismissal of his complaint in lieu of prerogative writs. The trial judge determined that plaintiff had no basis to claim a due process violation for the lack of internal review procedures when the Lawrence Township Municipal Manager suspended plaintiff for three days without pay. The court thus did not review the charge itself. Rather he determined that this matter was moot because under the terms of the Township ordinances the record is expunged after one year. (We do not, however, find this provision in any ordinance of the municipality). Furthermore, the judge apparently felt that since this was such a minor matter, the court should not be concerned with it.
Plaintiff is the Lawrence Township construction official, and as one of the department heads he is responsible directly to the Municipal Manager on non-professional matters. Prior to the incident in question, there apparently had been some history of dissatisfaction with plaintiff's ability to handle public relations within his office. The manager had on at least two occasions given plaintiff oral or written warnings that his actions were creating problems, and she indicated that plaintiff should become aware of the problem and correct the deficiencies. No formal charges had been filed.
The incident here involved plaintiff's ejecting a plumbing contractor for verbally abusing employees in plaintiff's office. Plaintiff claimed that he walked outside the office with the contractor in order to prevent further trouble and to try to quiet him down. The contractor continued to be abusive, and an employee in plaintiff's office, fearing that there might be a more serious altercation, called the police who came to the scene and determined that there was no continuing problem.
One of the reasons cited by the manager for her discipline of plaintiff was that he
proceeded outside of the building to carry on an obviously heated discussion with an irate contractor to the point that your staff called in the Police who *47 arrived on the scene only to have you dismiss the situation as having been resolved.
The memorandum from the employee who called the police indicated that she was concerned that the contractor's conduct might escalate. She therefore properly decided to call the police. She explained that had she not called and had the contractor become violent, criticism could be leveled that the police were not called. We will not review here the issue of whether plaintiff was right or wrong in the way he handled the situation, or whether his handling of this situation coupled with his history of perceived problems in public relations warranted the penalty. We will confine our discussion to the procedural availability of a remedy.
The reference to the municipal ordinances, contracts and the like are superfluous in this case. There was no contractual review procedure or alternative appeal established by ordinance for plaintiff's conduct, other than the review by the Township manager as plaintiff's superior (which ordinarily would have been the third step in any grievance proceeding, if plaintiff were subject to that procedure). We also note that there is no question that the manager had the right to determine whether plaintiff violated any particular municipal disciplinary rule of general application. But whether the penalty was as minor as one day's suspension, or as major as dismissal, plaintiff had certain due process rights. Plaintiff was entitled to know of the charges facing him and was entitled to an opportunity to answer them. On minor matters such as this, we do not even require a formal hearing so long as plaintiff's position can be presented. If there is no actual bias shown, there is no problem with the disciplinary officer (the appointing authority) being the same as the person advancing the charges. Cf. Matter of Carberry, 114 N.J. 574, 584-586, 556 A.2d 314 (1989), and cased cited therein (relating to the procedure for disciplinary review in administrative agencies).
N.J.S.A. 11A:2-16 provides that a municipal employee who receives a suspension or fine of five days or less (in which case *48 there is no review by the Merit System Board) "may request review under standards and procedures established by the political subdivision or appeal pursuant to an alternate appeal procedure where provided by a negotiated contract provision." Neither of these alternatives is applicable here. There is no review established by the Township. In fact, the Lawrence Township Personnel Policies and Procedures Manual concerning suspension provides:
A classified employee has no right of appeal unless suspension exceeds the amounts indicated [over five days].
Additionally, there is no negotiated contract provision which could provide an alternative appeal. See Bergen County Law Enforcement Group v. Bergen County Bd. of Chosen Freeholders, 191 N.J. Super. 319, 324-327, 466 A.2d 963 (App.Div. 1983).
Since the Civil Service statute grants no right of appeal, plaintiff must rely upon general State law and bring an action in lieu of prerogative writs (here the writ of certiorari) and have the action reviewed in the Law Division. In Romanowski v. Township of Brick, 185 N.J. Super. 197, 204, 447 A.2d 1352 (Law Div. 1982), aff'd o.b., 192 N.J. Super. 79, 469 A.2d 85 (App.Div. 1983), we clearly adopted Judge Havey's determination that an employee is entitled to a trial de novo in the Law Division where the municipal penalty is five days or less, and there is thus no right of a de novo hearing by the Civil Service Commission. Accord Hall v. Mayor and Director of Public Safety of Pennsauken, 170 N.J. Super. 307, 309-310 n. 1, 406 A.2d 317 (Law Div. 1979), rev'd on other grounds, 176 N.J. Super. 229, 422 A.2d 797 (App.Div. 1980) and cases cited therein.
This right of review is constitutional, established by the N.J. Const. of 1947, art. VI, § 5, para. 4 which gives such jurisdiction to the Superior Court, and by R. 4:69-1 establishing venue in the Law Division. There is of course the requirement found in R. 4:69-5, to exhaust all available administrative remedies. But as just noted, there are no other remedies afforded by the municipality or under Civil Service law. We can give no preclusive *49 effect to the statement by the municipality that there shall be no appeals from departmental discipline. Such a provision must be taken as limited to appeals within the municipal government, since the municipality certainly cannot remove the constitutional right of an employee to bring an action in lieu of prerogative writs. In fact, the municipality in its brief recognizes that "plaintiff's post-deprivation remedy in the present case is resort to the courts." We question why, if the municipality acknowledged this point, it felt that it was entitled to move for summary judgment to dismiss the claims that were in fact properly before the Law Division.
These minor disciplinary matters can cost money (here over $400 in lost pay). A record of them will also become part of the employee's file. Thus, they may be extremely important to the employee involved. Furthermore, the progressive system of punishments in effect in many municipalities, including Lawrence Township, permits greater penalties to be imposed with each additional infraction. As here, dismissal is often authorized for a third offense. To deny an employee review of the first two offenses because the penalties were assessed at five days or less would permit a municipality to fire an employee for the third offense, with the Merit System Board reviewing only that offense, but with the two prior offenses being shielded from any available direct review when the facts are fresh and witnesses are available.
We therefore reverse and remand the matter to the Law Division so that a de novo review of the municipal action can be conducted.
Reversed and remanded.