287 N.J. Super. 136 (1996)
670 A.2d 587
DONALD DOLAN, AN INDIVIDUAL AND ENGINEERING SUPERVISORY PERSONNEL ASSOCIATION, INC. OF EAST ORANGE, A NON-PROFIT CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFFS-RESPONDENTS,
v.
CITY OF EAST ORANGE, A BODY CORPORATE AND POLITIC OF THE STATE OF NEW JERSEY AND LEROY J. JONES, CITY ADMINISTRATOR, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted November 6, 1995.
Decided January 30, 1996.
*139 Before Judges PETRELLA, PAUL G. LEVY and EICHEN.
Brown, Lofton, Childress & Wolfe, attorneys for appellants (Rashidah N. Hasan, on the brief).
Selikoff & Cohen, P.A., attorneys for respondents (Joel Selikoff, of counsel, and on the brief; Keith Waldman, also on the brief).
The opinion of the court was delivered by EICHEN, J.A.D.
Following a disciplinary hearing, Donald Dolan, a provisional, at-will employee, was terminated from his employment with the recreation department of the City of East Orange (the City) as greens superintendent at the municipal golf course. Dolan was charged with "conduct unbecoming an employee" in violation of certain unspecified rules and regulations arising from a physical altercation with a subordinate employee, Fred Caldwell. Dolan's labor union representative, the Engineering Supervisory Personnel Association, Inc. (ESPA), presented Dolan's case before a municipal hearing officer. Based entirely upon a letter allegedly submitted by Caldwell to the City which charged Dolan with instigating the fight, the hearing officer recommended that Dolan be removed. The letter consisted of a typed, unsworn, unsigned statement of questionable origin, purporting to be Caldwell's statement, which presented a contradictory version of the event. The City accepted the hearing officer's discharge recommendation and terminated Dolan as greens supervisor.
*140 After the City rejected Dolan's request for a rehearing, Dolan and the ESPA (plaintiffs) filed a complaint against the City and the City Administrator, Leroy J. Jones (defendants). The complaint alleged that Dolan's state and federal constitutional due process rights, as well as his civil rights under 42 U.S.C. § 1983, had been violated because he was terminated from employment without a hearing conducted by an unbiased hearing officer, and because he was denied his right to confront and cross-examine Caldwell. The complaint sought declaratory and injunctive relief, back pay and benefits, attorneys fees and costs.
The Law Division judge granted summary judgment in favor of plaintiffs, directing the City to reinstate Dolan pending a new hearing. We granted leave to appeal and now affirm the summary judgment ordering a new hearing. However, we reverse and dismiss the § 1983 claim because, although Dolan was denied administrative due process as a matter of fundamental fairness, he did not suffer a constitutional deprivation which would support such a claim.
The facts are uncomplicated and derive from the hearing officer's written decision because the hearing was not transcribed. There were no witnesses to the alleged altercation between Dolan and Caldwell. The only witnesses who testified at the hearing were Dolan and another employee who, although not present at the altercation, saw Dolan afterward and corroborated his injuries. Caldwell did not appear at the hearing;[1] nonetheless, the hearing officer permitted the City to introduce the letter purportedly submitted by Caldwell reporting that Dolan had instigated the fight. Dolan testified that Caldwell had assaulted him and denied provoking Caldwell. Based solely upon this evidence, the municipal hearing officer observed that the matter was essentially "one person's word against another," and ruled against Dolan.
*141 On Dolan's motion for summary judgment, plaintiffs asserted that the City did not disclose the letter until the hearing and that the City offered no explanation as to the circumstances under which the letter was written. Plaintiffs also contended the City's reliance on the letter, without affording plaintiffs the opportunity to confront and cross-examine Caldwell, denied Dolan his constitutional right to procedural due process of law. The City responded that the Law Division lacked subject matter jurisdiction, arguing that review of the hearing officer's decision is in the Appellate Division, not the Law Division.
On the return date of the motion, the judge rejected the City's argument and granted summary judgment to plaintiffs, noting that "this is not an appeal from an administrative agency." The judge also concluded that Dolan "didn't get a hearing," finding there was no "substantive basis" for the agency's determination that Dolan had "incit[ed] the altercation" and concluded Dolan had been denied his constitutional right to due process of law. The judge ordered Dolan reinstated to his job as greens superintendent pending a new hearing before a different hearing officer and directed that the record be transcribed. The judge did not determine whether Dolan is entitled to an award of back pay, benefits or attorneys fees under 42 U.S.C. § 1983, retaining jurisdiction to consider the merits of these claims. Subsequently, the judge issued a letter opinion and entered an order directing the City to "provide ... Dolan with the opportunity to confront and cross-examine ... Caldwell unless there is good cause for his non-production."
On appeal, defendants again assert that the trial court lacked subject matter jurisdiction because proper jurisdiction lies directly with the Appellate Division. Alternatively, the City contends that summary judgment should not have been granted because a factual dispute exists as to whether the City had good cause for not producing Caldwell at the hearing. We find these contentions clearly without merit, see R. 2:11-3(e)(1)(E).
*142 Dolan was not entitled to a direct appeal to this court from the City's decision to remove him. The City of East Orange is a municipality. Rule 2:2-3(a) provides that "appeals may be taken to the Appellate Division as of right ... to review final decisions or actions of any state administrative agency or officer." (emphasis added) Judicial review of decisions of agencies which are not state agencies is by a civil action "In Lieu of Prerogative Writs" brought in the Law Division of the Superior Court, under R. 4:69-1. See Walsh Trucking Co. v. Hackensack Meadowlands District Constr. Bd. of Appeals, 240 N.J. Super. 525, 526, 573 A.2d 951 (App.Div. 1990). Likewise, judicial review of the actions of a municipality where there is no administrative appeal procedure is in the Law Division by an action in lieu of prerogative writs. Cermele v. Township of Lawrence, 260 N.J. Super. 45, 48, 615 A.2d 264 (App.Div. 1992) (holding that municipal employee was entitled to review of a suspension decision de novo under R. 4:69-1 in the Law Division because there was no administrative appeals procedure available).
The instant case involves a municipality. The record does not indicate whether an administrative appeals procedure was available to Dolan. If such a procedure was available, defendants did not argue below that plaintiffs should have first exhausted that remedy. Defendant's argument is simply that direct appeal to the Appellate Division from the decision of the municipal hearing officer is the appropriate review process. We disagree.
Pursuant to N.J.R.E. 201(a), we take judicial notice of the fact that the City operates under the provisions of N.J.S.A. 11A:2-1 to -24, the Civil Service Act. See Perrella v. Board of Educ., 51 N.J. 323, 332, 240 A.2d 417 (1968). As such, a disciplined employee ordinarily has a right of appeal to the Merit System Board. N.J.S.A. 11A:2-14; see Carr v. Sharp, 454 F.2d 271 (3d Cir.1971). Although the motion judge did not inquire as to Dolan's employment status, we understand that Dolan's disciplinary discharge was not reviewable by the Merit System Board because he was a *143 provisional employee.[2]See N.J.S.A. 11A:2-13, -14; N.J.A.C. 4A:2-2.1. Thus, the Law Division properly exercised jurisdiction to review the municipal action taken by the City in an action in lieu of prerogative writs. See Cermele v. Township of Lawrence, supra, 260 N.J. Super. at 48, 615 A.2d 264. "This right of review is constitutional, established by the N.J. Const. of 1947, Art. VI, § 5, para. 4 which gives such jurisdiction to the Superior Court, and by R. 4:69-1 establish[ing] venue in the Law Division." Id. at 48, 615 A.2d 264.
On the merits of plaintiffs' claim, the judge determined that Dolan had been deprived of his constitutional right to procedural due process of law by the hearing officer's reliance on hearsay evidence alone in determining to remove him. He concluded that by so doing, in essence, Dolan was deprived of his constitutional right to a hearing. He retained jurisdiction to determine what relief, if any, plaintiffs are entitled to under § 1983. We disagree with these conclusions.
A public employee has a protected "liberty" interest in his employment requiring a termination hearing under the federal and state constitutions. Nicoletta v. North Jersey Dist. Water Supply Comm'n, 77 N.J. 145, 162, 390 A.2d 90 (1978). This is because the circumstances of his termination have the potential of imperiling his future job opportunities. Id. at 159, 162, 390 A.2d 90; Williams v. Civil Serv. Comm'n, 66 N.J. 152, 156-57, 329 A.2d 556 (1974) (holding that a provisional public employee has a liberty interest implicating a right to a post-termination evidentiary hearing); see N.J.A.C. 4A:4-6.1, -6.2 (providing that "[a] person may be denied examination eligibility or appointment when he or she ... [h]as been removed from the public service for disciplinary reasons after an opportunity for a hearing"). Thus, Dolan has a "liberty" interest requiring the City to proceed with a hearing *144 before removing him from his job for disciplinary reasons even if he is only a provisional, at-will employee.
However, the particular procedural due process safeguards to which Dolan is entitled as a matter of constitutional imperative raises a separate issue. Goss v. Lopez, 419 U.S. 565, 577, 95 S.Ct. 729, 738, 42 L.Ed.2d 725, 737 (1975) (citing Morrissey v. Brewer, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972)). The motion judge determined that the lack of an opportunity to confront and cross-examine Caldwell was of constitutional dimension. As noted, we disagree. We are not aware of any precedent, federal or state, which guarantees a public employee, as a matter of constitutional prerogative, a right to confront and cross-examine adverse witnesses. Plaintiffs' reliance on Greene v. McElroy, 360 U.S. 474, 496-97, 79 S.Ct. 1400, 1413-14, 3 L.Ed.2d 1377, 1390-91 (1959) is misplaced. Greene involved a case concerning a security clearance proceeding. Under the circumstances there, the United States Supreme Court held that fair procedures demand that an employee in a private industrial plant regulated by governmental rules has the right to confront witnesses against him before he may be removed from his employment. Notably, the United States Supreme Court has not expanded this principle to the public employment sector in similar cases. See Bailey v. Richardson, 182 F.2d 46 (D.C. Cir.1950), affirmed by equally divided Supreme Court, 341 U.S. 918, 71 S.Ct. 669, 95 L.Ed. 1352 (1951). In fact, in civil cases generally the right of confrontation and cross-examination is not part of the panoply of procedural safeguards required by federal or state constitutions. See In re Registrant C.A., 285 N.J. Super. 343, 666 A.2d 1375 (App.Div. 1995) (observing that the constitutional right of confrontation is not implicated because case was not criminal, but requiring evidentiary hearing as matter of fundamental fairness). Therefore, from a constitutional perspective Dolan had a hearing that passed constitutional muster in the sense that he had an opportunity to be heard and was heard by the hearing officer. Thus, we cannot conclude, as did the judge below, that Dolan suffered a constitutional *145 deprivation because he did not have an opportunity to confront and cross-examine Caldwell at the hearing.
Nonetheless, we are persuaded that Dolan did not have a fair hearing as a matter of basic fairness and administrative due process. See In re Kallen, 92 N.J. 14, 25-26, 455 A.2d 460 (1983). A public employee, even a provisional one, is entitled to a hearing that conforms to principles of "basic" or "fundamental fairness," id. at 26, 455 A.2d 460, which we conclude in this case includes the right to confront and cross-examine Caldwell on the contents of the accusatory letter. Cf. Paco v. American Leather Mfg. Co., 213 N.J. Super. 90, 97, 516 A.2d 623 (App.Div. 1986). We recognize, of course, that administrative agencies may and frequently do rely on hearsay evidence in conducting disciplinary hearings, but in reaching a final determination, "a residuum of legal and competent evidence [must exist] in the record to support [that decision]." Weston v. State, 60 N.J. 36, 51, 286 A.2d 43 (1972). As the Supreme Court stated,
a fact finding or a legal determination cannot be based upon hearsay alone. Hearsay may be employed to corroborate competent proof, or competent proof may be supported or given added probative force by hearsay testimony. But in the final analysis for a court to sustain an administrative decision, which affects the substantial rights of a party, there must be a residuum of legal and competent evidence in the record to support it.
[Ibid.]
See also In re Tenure Hearing of Cowan, 224 N.J. Super. 737, 750, 541 A.2d 298 (App.Div. 1988); N.J.A.C. 1:1-15.5(b) (the "residuum rule"). Here, no residuum of legal and competent evidence appears in the record. The letter was the sole evidence relied on by the hearing officer. To have admitted it was error as a matter of fundamental fairness.
Traditional notions of fairness require that Dolan have an opportunity to confront and cross-examine Caldwell. This principle has "ancient roots" in our jurisprudence. Greene v. McElroy, supra, 360 U.S. at 496, 79 S.Ct. at 1413, 3 L.Ed.2d at 1390-91. The Law Division judge perceived the unfairness of the proceeding *146 and ordered a new hearing after properly concluding that no substantive evidence existed to support the removal decision. Thus, it matters not whether the City had good cause for not producing Caldwell. The charges were not sustainable in the absence of affording Dolan an opportunity to confront his accuser.
Nonetheless, Dolan's right to confront and cross-examine Caldwell, because not a right of federal constitutional dimension, cannot provide a basis for a § 1983 remedy. See Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923-24, 64 L.Ed.2d 572, 577 (1980) (stating that, for relief under § 1983, plaintiff must allege deprivation of a federal right); Baker v. McCollan, 443 U.S. 137, 144 n. 3, 61 L.Ed.2d 433, 442 n. 3, 99 S.Ct. 2689 (1979) (stating that § 1983 provides a method for vindicating federal rights conferred by the United States Constitution and federal statutes).
In addition, we have reservations concerning whether a § 1983 action can be successfully asserted against defendants even if a constitutional deprivation were implicated. In Monell v. New York City Dep't of Social Serv., 436 U.S. 658, 690-92, 98 S.Ct. 2018, 2035-36, 56 L.Ed.2d 611 (1978), the United States Supreme Court determined that a local government body may only be sued under § 1983 based on allegations that, "under color of some official policy" or "custom," the local body "`cause[d]' an employee to violate another's constitutional rights." Because no issue concerning official policy or custom was raised or addressed by the parties at the trial level or on appeal, we will not decide the question of the City's amenability to suit under § 1983. We merely note our reservations.
In sum, Dolan's case is reviewable in the Law Division under R. 4:69 as an action in lieu of prerogative writs, but not as a civil rights action under § 1983. Applying principles of administrative due process, we affirm the order for summary judgment directing Dolan's reinstatement and enjoining the City from terminating "his employment based wholly or partially on the events of June 8, 1993," pending a new hearing. On remand, we direct the City to consider and determine Dolan's entitlement, if any, to back pay, *147 benefits and attorneys fees. We reverse that part of the order which permits the City to demonstrate good cause for not producing Caldwell at the hearing, unless the City can present competent proof to support the charges against Dolan. We observe that the hearing is necessary only if the City can produce such evidence. Absent introduction of legally competent evidence to sustain the charges, they must be dismissed.
Finally, we exercise our independent jurisdiction and dismiss the remainder of the case, R. 2:10-5, because there are no unresolved issues presented under 42 U.S.C. § 1983. See Bressman v. Gash, 131 N.J. 517, 528-29, 621 A.2d 476 (1993).
Affirmed in part, reversed in part. We do not retain jurisdiction.
NOTES
[1] Caldwell did not appear at his own disciplinary hearing either, and did not answer criminal charges filed against him arising from the altercation. In fact, he was no longer employed by the City at the time of Dolan's disciplinary hearing.
[2] The record reflects that Dolan is an "at-will" employee. We do not consider the City's rights, if any, to terminate Dolan's employment for reasons other than those related to the disciplinary removal. That issue was not resolved below.