**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1734-24

FRED RECK,

    Plaintiff-Respondent,

v.

MONMOUTH COUNTY
PROSECUTOR'S OFFICE,

    Defendant-Appellant.

_____

Argued March 25, 2026 – Decided April 15, 2026

Before Judges Mayer, Vanek and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-2684-23.

Sean J. Brennan argued the cause for appellant (Dilworth Paxson LLP, attorneys; Sean J. Brennan, of counsel and on the briefs).

Richard J. De Fortuna argued the cause for respondent (Markowitz & Richman, attorneys; Richard J. De Fortuna and Matthew D. Areman, on the brief).

PER CURIAM

Defendant Monmouth County Prosecutor's Office (MCPO) appeals from November 22, 2024 Law Division orders granting summary judgment to plaintiff Fred Reck and denying the MCPO's summary judgment motion.[1] After an MCPO Internal Affairs (IA) investigation resulted in "sustained findings" of misconduct, Reck retired from his position at the Marlboro Township (the Township) Police Department pursuant to a settlement agreement with the Township. This agreement was reached in lieu of disciplinary charges being formally filed against him. The Law Division judge found the Attorney General's (AG) IA Procedures and Policies (IAPP) provided Reck with an avenue to challenge the MCPO's findings notwithstanding his retirement. We affirm.

## I.

We glean the salient facts from the motion record. In 2022, Reck was Deputy Chief of the Township's Police Department (the Department). In

---

[1] MCPO's notice of appeal also identifies a January 17, 2025 order adjudicating its motion for clarification and reconsideration. Because MCPO does not address that order in its merits brief, we consider its appeal from the January 17, 2025 order waived. Pressler & Verniero, Current N.J. Court Rules, cmt. 5 R. 2:6-2 (2024) ("It is, of course, clear that an issue not briefed is deemed waived."); 539 Absecon Boulevard, L.L.C. v. Shan Enters. Ltd., 406 N.J. Super. 242, 272 n.10 (App. Div. 2009) (noting claims not briefed are deemed abandoned).

A-1734-24

September of that year, an IA complaint was filed against Reck. Under the IAPP, Reck's rank as Deputy Chief required referral of the IA complaint to the MCPO for investigation.

The MCPO issued a Summary and Conclusions Report (the Report) sustaining findings of misconduct against Reck. The Report stated the findings implicated the Brady/Giglio[2] and public disclosure sections of the IAPP and AG's directives. Pursuant to the IAPP, the MCPO submitted the Report to the Township Police Chief to determine the ultimate discipline to be imposed.

After the MCPO's findings were shared with Reck and the Township, Reck entered into a settlement agreement with the Township (the Agreement). Under the Agreement, Reck agreed to retire in exchange for the Township not filing disciplinary charges against him. Reck waived any right to a hearing and was precluded from commencing litigation "that is in any manner grounded upon, stems from, or is related to his employment." Although the Agreement preserved Reck's right to challenge the MCPO's findings, only Reck and the Township were parties to the Agreement.

After retiring, Reck's attorney sought clarification from the Township and the MCPO about the procedure to challenge the sustained findings in the Report.

---

[2] Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. U.S., 405 U.S. 150 (1972).

A-1734-24

Reck's counsel wrote to the Director of the Professional Responsibility and Bias Crime Unit at the MCPO (Director) and requested a copy of the Report along with the formal procedures governing Reck's proposed challenge. Reck's counsel asserted public reporting of the findings would "certainly damage [Reck's] reputation and prevent him from gaining any future position with any law enforcement agency." As such, Reck's attorney claimed the MCPO's failure to provide "a means by which he may challenge or dispute" the sustained findings would violate Reck's due process rights.

The Director responded that because Reck had retired on condition that no disciplinary charges would be filed against him, he had no recourse to challenge the MCPO's sustained findings. Specifically, the Director's letter informed counsel:

> Directive 2019-6 and IAPP section 9.11.2 make clear that to avoid the implications of Brady/Giglio and the public reporting requirement under the revised IAPP, the officer must challenge the findings on the merits in the administrative process. . . . Reck chose to retire in lieu of challenging the finding . . . through the administrative process. . . . In fact, it should be noted that [Deputy Chief] Reck's decision to leave his employment while this matter was pending in and of itself would require public reporting under the IAPP, section 9.11.2(k).

A-1734-24

On August 28, 2023, Reck filed a complaint in lieu of prerogative writs and requested the following in count one: (1) dismissal of the MCPO's sustained findings; (2) expungement of his disciplinary record; (3) removal of his name and references to his IA complaint from the MCPO's summary report and records; and (4) removal of his name and references to his complaint from "any and all Brady/Giglio reports," including those posted online. In count two, Reck requested the court: (1) affirm "[Reck's] right to a procedure" to challenge the findings; (2) direct MCPO "to establish or identify the procedure"; and (3) direct the MCPO to supply "a copy of the formal procedures detailing the particulars and standards for the procedure."

Reck alleged § 9.11.2 of the IAPP recognizes an officer's right to challenge findings requiring Brady/Giglio public reporting, even if no disciplinary charges had been filed and the officer had negotiated a settlement or had retired. According to the complaint, Reck had reserved his right to challenge the MCPO's findings under the Agreement with the Township.

In October 2023, the MCPO sought legal representation from the Office of the Attorney General (OAG) to defend this suit. The OAG denied the MCPO's request, and the MCPO appealed. See Monmouth Cnty. Prosecutor's Off. v. Off. of Att'y Gen., Dep't of L. & Pub. Safety, 480 N.J. Super. 33, 39

(App. Div. 2024). While that appeal was pending, the parties in this matter moved for summary judgment.

On November 22, 2024, the judge entered two orders—one granting Reck's motion and another order denying the MCPO's motion. In a decision placed on the record, the judge found § 9.11.2 recognizes an officer's right to challenge a sustained finding even in cases where the officer "negotiates a plea or there is an administrative or civil settlement with the employer whereby the charge is dismissed." The judge interpreted § 9.11.2 to provide Reck with the right to challenge the MCPO's findings before a hearing officer, arbitrator, administrative law judge, Civil Service Commission, or the Superior Court, even though he negotiated retirement in lieu of the Township filing disciplinary charges against him. The judge's order allowed Reck forty-five days to file an appeal in one of the forums set forth in § 9.11.2. On the MCPO's motion, the judge entered a clarifying order stating the November 22, 2024 orders were not predicated on our decision in Monmouth County Prosecutor's Office. 480 N.J. Super. at 42.

On January 26, 2025, Reck filed a second action in lieu of prerogative writs challenging the MCPO's sustained findings against him pursuant to the

A-1734-24

judge's order (the second action). The second action is stayed under a consent order pending resolution of this appeal.

The MCPO appealed, arguing the judge erred in granting summary judgment to Reck because the IAPP does not provide a mechanism for a retired officer to challenge sustained findings where no disciplinary charges have been filed. The MCPO maintains Reck waived any opportunity to contest its findings because he elected to retire under the terms of the Agreement with the Township, without the MCPO's participation. The MCPO further contends the judge improperly compelled it to create an extra-regulatory appeal process, going beyond the confines of appropriate mandamus relief. Plaintiff requests we affirm the judge's order so that he may obtain relief from the MCPO's sustained findings through the second action.

## II.

Our review of a judge's order deciding a summary judgment motion is de novo—we apply the same standard as the motion judge. Townsend v. Pierre, 221 N.J. 36, 59 (2015). We also review questions of regulatory and statutory interpretation de novo. Krug v. State Parole Bd., 261 N.J. 477, 485-86 (2025).

Summary judgment is appropriate if "the competent evidential materials presented . . . in the light most favorable to the non-moving party, are sufficient

A-1734-24

to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)); see also R. 4:46-2(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Alfano v. Schaud, 429 N.J. Super. 469, 474-75 (App. Div. 2013) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)).

III.

Based on our de novo review of the record and applicable legal principles, we are not persuaded the judge erred in granting Reck's summary judgment motion and denying the MCPO's summary judgment motion. We agree the IAPP provides a mechanism for Reck to challenge the MCPO's sustained findings against him.

We focus on interpretation of § 9.11.2. The Agreement between Reck and the Township is relevant only insofar as it does not bar Reck from pursuing a challenge to the MCPO's sustained findings. Because settlement agreements are contracts and generally bind only the parties to them, the Agreement does not obligate the MCPO to provide Reck a means to challenge the sustained findings.

See Pascarella v. Bruck, 190 N.J. Super. 118, 124 (App. Div. 1983); Morton v. 4 Orchard Land Trust, 180 N.J. 118, 129 (2004). The judge's order granting summary judgment to Reck did not rest on the Agreement but instead was predicated on the judge's interpretation of the governing regulatory framework.

We agree IAPP § 9.11.2 provides an avenue for challenging the MCPO's sustained findings under the circumstances presented here. We are guided by familiar principles of regulatory interpretation. "'In our interpretation of regulations, we give effect to their plain language.'" Matter of Young, 471 N.J. Super. 169, 180 (2022) (quoting In re M.M., 463 N.J. Super. 128, 38 (App. Div. 2020)). Our "'paramount goal' is [to ascertain] the regulator's intent, which is generally found in the regulation's 'actual language.'" Ibid. (quoting In re Election Law Enf't Comm'n Advisory Op. No. 01-2008, 201 N.J. 254, 263 (2010)).

Section 9.11.2 of the IAPP defines "sustained finding" as follows:[3]

> "Sustained finding" refers to any finding where a preponderance of the evidence shows an officer violated any law, regulation, directive, guideline policy or procedure issued by the Attorney General or County Prosecutor; agency protocol; standard operating procedure, rule or training, following the last supervisory review of the incident(s) during the internal

---

[3] The definition appears as a single paragraph in the IAPP. We include line breaks to emphasize the distinctions between its three sentences.

affairs process <u>where the deadline for appeal has passed or following a ruling by a hearing officer, arbitrator, Administrative Law Judge, Civil Service Commission, or the Superior Court where the deadline for any subsequent appeal has passed</u>.

Allegations that cannot be sustained, are not credible, or have resulted in the exoneration of an employee, including where the previous finding <u>has either been vacated, or overturned on the merits in any subsequent action</u>, generally are not considered to be sustained findings subject to the disclosure requirements of this Policy.

On the other hand, if the officer negotiates a plea or there is an administrative or civil settlement with the employer whereby the charge is dismissed, the charge would still be considered sustained, if there was sufficient credible evidence to prove the allegation, and <u>the officer does not challenge the finding and obtain a favorable ruling by a hearing officer, arbitrator, Administrative Law Judge, Civil Service Commission or the Superior Court</u>.

[2022 IAPP § 9.11.2 (emphasis added).]

The judge relied on the third sentence of § 9.11.2, addressing circumstances where an officer "negotiates a plea or there is an administrative or civil settlement with the employer whereby the charge is dismissed." Under this section of the IAPP, the judge found Reck had a right to appeal even where no disciplinary charges were filed against him. We do not read the provision as broadly. The reference to "the charge" in that paragraph limits its application to

situations where disciplinary or criminal charges have been filed and later resolved through negotiated dispositions. Here, the Township agreed not to file charges in exchange for Reck's retirement. Accordingly, the third sentence of § 9.11.2 does not squarely apply to Reck's circumstances.

However, the definition of "sustained finding" in the first sentence of § 9.11.2 designates the IA's conclusion as final only "where the deadline for appeal has passed or following a ruling by a hearing officer, arbitrator, Administrative Law Judge, Civil Service Commission, or the Superior Court where the deadline for any subsequent appeal has passed." Reck's right to review stems from this plain language. Section 9.11.2 provides all findings of misconduct, before they may be considered "sustained," are subject to review. Moreover, each sentence in § 9.11.2 references an appeal process. This structure presupposes an avenue of review for all IA findings, the exhaustion of which triggers finality and public disclosure.

The MCPO's proposed interpretation would effectively eliminate any redress where an officer separates from service before charges are filed. Nothing in the text of the IAPP expressly provides retirement or settlement extinguishes an officer's ability to challenge a sustained finding. Nor does the IAPP as a whole suggest the significant consequences attached to sustained

findings—including potential <u>Brady</u>/<u>Giglio</u> implications and public disclosure—may be imposed without any opportunity for a due process review. We decline to adopt an interpretation that would render the regulation's references to post-finding review largely meaningless or superfluous. <u>See</u> <u>Young</u>, 471 N.J. Super. at 180 (stating "[c]ourts should presume the drafter 'intended the words it chose and the plain and ordinary meaning ascribed to those words'") (quoting <u>Paff v. Galloway Twp.</u>, 229 N.J. 340, 353 (2017)).

Our interpretation is in accord with well-established law providing a mechanism to contest governmental entity decision-making through an action in lieu of prerogative writs. New Jersey courts have found review of a public agency's actions cognizable through a complaint in lieu of prerogative writs in myriad circumstances. <u>See</u> <u>R</u>. 4:69-1; <u>see, e.g.</u>, <u>Dolan v. City of East Orange</u>, 287 N.J. Super. 136, 139 (App. Div. 1996) (challenge to employee's termination on disciplinary grounds); <u>Arminio v. Monroe Twp. Bd. of Ed.</u>, 483 N.J. Super. 1, 5 (App. Div. 2026) (challenge to closed session vote to fill Board of Education vacancy); <u>Obiedzinski v. Twp. of Tewksbury</u>, 480 N.J. Super. 45, 63 (App. Div. 2024) (tax assessor's statutory challenge to retaliatory removal).

The judge's order granting summary judgment to Reck only required the MCPO to adhere to the review processes contemplated in § 9.11.2. We are

12

unconvinced by MCPO's argument that the judge ordered relief exceeding permissible mandamus by compelling it to create a new appellate process because there is no such language in the November 22, 2024 or January 17, 2025 orders.

Although IAPP § 9.11.2 does not prescribe a specific procedure to be employed, it provides sustained findings of misconduct must be established by a preponderance of the evidence. 2021 IAPP § 9.11.2. Thus, in the second action, the trial court must determine whether the MCPO's conclusion was substantiated by a preponderance of the credible evidence or was "arbitrary, capricious, unreasonable, or contrary to public policy." In re Att'y Gen. L. Enf't Directive Nos. 2020-5 & 2020-6, 246 N.J. 462, 472-73 (2021).

Any broader aspects of the trial court's order—such as its reference to alternative forums—are moot because Reck chose to file the second action in Superior Court within the time provided. See Betancourt v. Trinitas Hosp., 415 N.J. Super. 301, 311 (App. Div. 2010) (noting "an issue is moot when the decision sought . . . can have no practical effect on the existing controversy," and courts do not ordinarily grant relief "when the disputed issues have become moot") (quoting Greenfield v. N.J. Dep't of Corr., 382 N.J. Super. 254, 257-58 (App. Div. 2006)) (internal quotation marks omitted). Likewise, the relief

plaintiff requested in count two—seeking to compel the MCPO to establish or supply a copy of the procedure governing its mechanism for relief—is moot based on our affirmance of the judge's November 22, 2024 orders. Reck's request for an order dismissing the sustained findings and corollary relief through expungement of his disciplinary record and redaction from the IA complaint, the Report, and any and all Brady/Giglio reports, may be addressed in the second action.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1734-24